[Civ. No. 5600. Second Appellate District, Division One.—June 28, 1927.]

UNITED STATES FIDELITY AND GUARANTY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION, Respondent.

Edward C. Mills and Harold J. Hunter for Petitioner.

G. C. Faulkner for Respondent.

HOUSER, J.—By this proceeding petitioner seeks to have reviewed an award made by respondent, Industrial Accident Commission, to an employee of the Julian Petroleum Corporation, of which corporation petitioner was the insurer.

The principal facts are as follows: On February 9, 1926, the date on which the employee started his employment at a service station of the Julian Petroleum Corporation, he sustained an injury to his left knee. Not suffering immediately therefrom to any considerable extent, he finished the day's work. That evening, however, he told his uncle, who was the sales manager of his employer, of the accident which had befallen him, and on the same evening consulted his personal physician regarding the injury which he had sustained. At that time the knee showed no swelling or discoloration. The next day he returned to his work, the knee then being slightly swollen and painful. From that date and continuously thereafter to the fifth day of May following the employee continued to work, during all of which time he was under the medical care of his own physi-

cian—on which latter date he told the superintendent of the service station, who was the immediate superior of the employee, of his injury and the date on which it had been received. From May 5th to June 1st, on account of the injury which he had sustained, the employee was neither able to nor did work at his occupation. On June 1st he again returned to his work and so continued until July 15th, at which time and ever since he has been unable to work on account of said injury. No medical treatment was ever offered to the employee by his employer or by any other corporation or person in its behalf.

█ Petitioner urges that because the employer was not notified by the employee of the injury sustained by him until nearly three months had elapsed after the accident causing the injury had happened, and because the employee did not follow the advice given to him by his own physician, the award should be annulled.

Section 15 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831), among other things, provides in effect that, unless within thirty days after the occurrence of the injury the employer be notified thereof, no claim to recover compensation therefor shall be maintained; "*provided, further,* that the failure to give any such notice, or any defect or inaccuracy therein, shall not be a bar to recovery under this act if it is found as a fact in the proceedings for the collection of the claim that there was no intention to mislead or prejudice the employer in making his defense, and that he was not in fact so misled or prejudiced thereby."

On the hearing of the application for compensation, the respondent Commission, among other things, found as a fact that:

"Neither of the defendants had notice or knowledge of said injury as defined in section 15 of said act, but the insurance carrier has not been prejudiced in making its defense. The employee obtained medical treatment on the same day of said injury and thereafter, and the evidence does not show that the employee's disability was or is caused, continued or aggravated, by an unreasonable refusal to submit to medical treatment, or to any surgical treatment."

Considering the evidence produced at the hearing of the application by the employee for compensation for his injuries, the effect of such finding includes the implied facts that neither the employer nor its insurer, the petitioner herein, was prejudiced in making its defense to the claim of the employee by reason of the failure of such employee within thirty days after the date of the accident; to give the required statutory notice thereof; and that because of the fact that the employee had competent medical advice and treatment for the injury on the date on which the injury was sustained by him and continuously thereafter, which advice was substantially followed by the employee, the disability of the employee was not caused, continued, or aggravated by an unreasonable refusal to submit to medical or surgical treatment.

The rule is well established that if the evidence is sufficient to sustain the finding upon which the award is founded, the petitioner has no solid ground upon which to base the relief for which it prays. The substantial question, then, presented for determination is whether from the evidence the respondent Commission was justified in making such finding.

The only evidence contained in the record to which the attention of this court has been directed which would tend to show that the employee had intentionally misled the employer regarding the accident was that wherein the employee made the statement that prior to May 5th he did not inform the employer of the fact that he had been injured, ''because I had just got the job, I was only working about two weeks, and I knew how hard it was for me to find work; and I thought it would get progressively better instead of worse. At that time when it was absolutely necessary for me to go away I told my employer about it, and he gave me a leave of absence, and said when I came back he would fix me up, and I didn't see him after that.''

Giving to such statement its broadest significance, and conceding that it is some evidence of an intention on the part of the employee to conceal from the employer the fact that an accident had occurred through which the employee had sustained an injury, nevertheless the entire evidence, and especially the admitted fact that the employee was treated continuously by a competent physician from the

date of the injury to the date of the hearing before the respondent Commission, is sufficient, we think, to sustain the ultimate finding by respondent that the insurance carrier was not prejudiced in making its defense. Moreover, it appears that no direct issue was presented by the answer of the petitioner here to the application of the employee for compensation with reference to the intent of the employee in failing to notify his employer of the happening of the accident, and consequently that no express finding was required on such ultimate fact not made an issue by the pleadings. ▮ Prejudice to the employer, by reason of such failure to give notice, is an affirmative defense, and the burden of proof thereof rests upon the employer. (Sec. 19 [d], Workmen's Compensation, Insurance and Safety Act, Stats. 1917, p. 831.)

In the case of *San Francisco-Oakland Terminal Rys.* v. *Industrial Acc. Com.,* 180 Cal. 121, 127 [179 Pac. 386], it is held that, in view of the fact that prejudice to the employer by reason of the failure of the employee to give notice is an affirmative defense and that the burden of proof rests upon the employer therein, and because of a finding by the Industrial Accident Commission that there was no intention on the part of the employee to mislead or prejudice the employer in making his defense and that the employer was not in fact misled or prejudiced thereby, the failure by the employee to serve the employer with a written notice of the injury within thirty days after the injury was received did not bar a recovery of compensation.

It may be noted that on May 5th, when the condition of the injured knee had become so bad that the employee was unable to continue in his employment, although the employer was then directly notified of the injury sustained by the employee, the employer did nothing to relieve the situation. But the petitioner contends that had the employee followed the advice given him by his personal physician, to the effect that the employee "keep off the leg," he would have recovered from the injury, and consequently that, owing to his neglect and implied refusal to obey the directions of his own physician in that regard, the disability was aggravated to such an extent that the final condition of the knee cannot be charged to the petitioner.

As hereinbefore indicated, after the employer had received notice of the injury, although the opportunity to assist the employee was then afforded, neither the employer nor its insurer took any action in the premises. In addition thereto, it manifestly appears that from the beginning the employee had medical care, and the record contains no evidence which casts any criticism upon the ability of the physician who was treating the employee. Indeed, the expert physician called by petitioner to testify in its behalf placed his stamp of approval upon the treatment prescribed by the physician in attendance upon the employee when he testified: "I think that Dr. Rose (the attending physician) had outlined adequate treatment for him (the employee) . . . but (he added) I do not think that he accepted it." It therefore becomes apparent that, excepting for the statement made by the physician called by petitioner to the effect that he *thought* the employee did not accept the prescribed treatment (which, of course, is immaterial), and excepting for the possibility that the employee failed to follow the directions given him by the physician, the treatment which he received was "adequate"; from which fact it follows that in all probability the physician for the insurer could have done no better for the employee than did the physician actually in attendance, and therefore that no actual prejudice resulted to the employer or its insurer from the circumstance that the employee had his own physician to look after his condition rather than the physician employed by the insurer of the employer.

As to that part of the evidence which affects the failure of the employee to "keep off the leg," in accordance with the directions of his physician, the record discloses that if any such direction was ever given the employee, at first the injury showed no indication of a serious development and the doctor's directions were more in the nature of a suggestion than a real direction, and that later, when the doctor advised the employee "very strongly" he promptly accepted such advice and gave up his employment. Although the testimony given by the doctor with reference to the matter was not altogether clear nor free from inconsistencies, it included the following:

"Q. He (the employee) continued to work up to May 1st, didn't he—the first part of May? A. Something in

that neighborhood. Q. And you strenuously objected to that, didn't you, as a doctor, knowing this man had a bad knee? A. To a certain extent. Q. Did you or did you not advise him to work? A. The first part I did not advise him strongly, the latter part I advised him very strongly. I says 'If you don't stay off the knee and go to the hospital, you will lose that knee.' Q. And he kept on working? A. No, he went away after I told him that. Q. That was the first part of May? A. Yes. Q. Didn't he work some part of June, Doctor? The testimony is that he worked two weeks in July. A. That is right; he came back from the springs and felt better after the rest, and he thought he could continue his work. Q. Now, Doctor, in fairness to you don't you think that this man would have made better progress had he stayed off his knee? A. I do believe he would. Q. Why certainly. And don't you think he should have quit work as soon as the condition became severe? A. In the beginning there was no indication to quit work and no indication of any serious development. Q. Did he limp on his knee? A. Not in the beginning; later on he started to limp, with a temperature.''

While some evidence appears in the record from which a conclusion contrary to that expressed in the finding in question might have been reached by the respondent Commission, from the foregoing it is apparent that it was within the province of the respondent Commission to make the finding on the evidence that the disability of the employee was not "caused, continued or aggravated, by an unreasonable refusal to submit to medical treatment, or to surgical treatment.''

Other questions are presented for determination by this court, but as each of those suggested by petitioner depends upon a decision in its favor of the questions hereinbefore considered, it becomes unnecessary to devote to them the consideration which otherwise they would deserve.

The award is affirmed.

Conrey, P. J., and York, J., concurred.