463 P.2d 558

Ramona GARREN, Claimant-Respondent,

v.

J. R. SIMPLOT COMPANY,

and

Argonaut-Northwest Insurance Company,
Defendants-Appellants.

No. 10393.

Supreme Court of Idaho.

Dec. 16, 1969.

Rehearing Denied Jan. 27, 1970.

Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-appellants.

John W. Gunn, Caldwell, McClenahan & Greenfield, Boise, for claimant-respondent.

DONALDSON, Justice.

On May 8, 1968, while in the employ of the J. R. Simplot Co., Ramona Garren (claimant-respondent), fell on a wet and slippery cement floor. On the day of her fall, May 8, 1968, Ramona Garren made no report of her accident to her employer because she did not think she was seriously

hurt. She continued to work from May 8, 1968 (the date of her fall) until May 18, 1968, at which time the pain she experienced prevented her from pursuing her work. On May 20, 1968, Ramona Garren visited a doctor of her own choosing and received treatment for her injury. She reported back for work on May 23, 1968, but had to leave when she began to have difficulty with her back. Her supervisor asked her on that day (May 23, 1968), whether she hurt herself on the job to which Ramona Garren replied, "No it was an old injury." A myelogram test performed May 24, 1968 disclosed that Ramona had a herniated disc and surgery was performed on May 30, 1968 to correct this condition.

Ramona Garren first notified her employer, J. R. Simplot Company, that she had an accident on the job and indicated that she was entitled to compensation some time in June following her release from the hospital after surgery. The formal "Notice of Injury and Claim for Compensation" form was filed with the Industrial Accident Board on June 26, 1968. She petitioned for a hearing before the Industrial Accident Board and a hearing was held on August 29, 1968, resulting in the following rulings of law:

"A

"The Claimant, Ramona Garren, suffered injuries by accident arising out of and in the course of her employment with the defendant, J. R. Simplot Company, on May 8, 1968.

"B

"The said claimant incurred all of the heretofore mentioned medical expenses on her own initiative, without prior request or demand upon the defendants, or either of them, and without any attempt to obtain authorization from the Board. She is, therefore, not entitled to recovery from defendants for said medical expenses.

"C

"The claimant gave proper and timely notice of the accident and filed a claim for compensation as prescribed by Section 72-402, Idaho Code.[1] This finding is based on the fact that the manifestation of injuries caused by said accident was delayed, but the findings of the surgical procedure confirmed the causal relationship between the accident and the injury.

"D

"The industrial accident on May 8, 1968, caused the claimant to be totally disabled from May 18, 1968, to November 15, 1968 (less May 23, 1968), after which she returned to work. Claimant therefore is entitled to compensation for 25 5/7 weeks at the rate of $58.00 per week, or a total of $1491.43, all of which has accrued, and is now due, owing and payable."

The Industrial Accident Board ordered that Ramona Garren recover none of her medical expenses from May 8, 1968 to January 23, 1969. However, it further ordered that she recover from the appellants, J. R. Simplot Co. and Argonaut Northwest Insurance Co., or either or both of them as follows: compensation for total disability from May 18, 1968 to November 15, 1968 less one day, a period

1. "72-402. *Notice of injury and claim for compensation.*—No proceedings under this act for compensation for any injury shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof, and unless a claim for compensation with respect to such injury shall have been made within one year after the date of the accident; or, in the case of death, then within one year after such death, whether or not a claim had been made by the employee himself for compensation. Such notice and such claim may be made by any person claiming to be entitled to compensation or by some one in his behalf. If payments of compensation have been made voluntarily the making of a claim within said period shall not be required."

of 25⁵⁄₇ weeks at a rate of $58.00 per week, aggregating $1,491.43.

The principal issues presented by this appeal are whether or not the respondent, Ramona Garren, on May 8, 1968 suffered injury by accident arising out of and in the course of her employment with the J. R. Simplot Co., and whether or not Ramona Garren gave proper and timely notice of the accident and filed a claim for compensation as prescribed by I.C. § 72–402.[2]

■ The record reveals that Ramona Garren was employed by the J. R. Simplot Co. on May 8, 1968, the date of her fall, and that her co-employee, Eileen Kildow, actually saw Ramona slip and fall backwards on that date. However, there is also evidence tending to show that the injuries of which Ramona Garren complains may have been caused by previous accidents and difficulties with her back.

"The findings of the Industrial Accident Board in a compensation proceeding when supported by competent, substantial though conflicting evidence will not be disturbed by the Supreme Court on appeal. I.C. § 72–609; Idaho Const., art. 5, § 9; Miller v. Bingham County, 79 Idaho 87, 310 P.2d 1089; Flasche v. Bunker Hill Company, 83 Idaho 420, 363 P.2d 1024." Findley v. Flanigan, 84 Idaho 473 at 483, 373 P.2d 551 at 557 (1962).

A review of the evidence shows that it is sufficient to support the Board's finding that Ramona Garren suffered injuries by accident arising out of and in the course of her employment.

■ Turning next to the issue of whether or not Ramona Garren gave timely notice of the accident to her employer, the J. R. Simplot Co., we hold that where formal notice is given within 60 days as required by I.C. § 72–402 that the employer if he wishes to contest the timeliness of the notice, must bear the burden of showing that it was not given "as soon as practicable," cf., Paull v. Preston Theatres Corp., 63 Idaho 594, 124 P.2d 562 (1942).

" 'The words "as soon as practicable" should be given a liberal construction, so as not to defeat, without just cause, the compensation to which a meritorious claimant is entitled.' (Bates & Rogers Const. Co. v. Allen (1919), 183 Ky. 815, 210 S.W. 467, 473; Hines v. Norwalk Lock Co. (1924), 100 Conn. 533, 124 A. 17; McGuire v. Phelan-Shirley Co., 111 Neb. 609, 197 N.W. 615; Maryland Casualty Co. v. Robinson, 149 Va. 307, 141 S. E. 225; Clausen v. Minnesota Steel Co., 186 Minn. 80, 242 N.W. 397; U. S. Fidelity & Guaranty Company v. Industrial Accident Commission, 84 Cal.App. 226, 257 P. 895." Woodbury v. Arata Fruit Co., 64 Idaho 227 at 237, 130 P.2d 870 at 874 (1942).

I.C. § 72–402 [3] creates a presumption that notice given within the 60 days is timely notice. However when the employer asserts the position that although notice was in fact given within the statutorily prescribed period of 60 days, it was not given "as soon as practicable," he assumes the burden of proving by a preponderance of the evidence his contention. Even if the employer meets this burden, the claimant may still recover provided that claimant shows by a preponderance of the evidence that the employer has not been prejudiced by such delay or had actual knowledge. I.C. § 72–405.[4]

2. Id.

3. Id.

4. "72–405. *Sufficiency of notice.*—A notice given under the provisions of section 72–402 shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or otherwise, unless it be shown that the employer was in fact misled to his injury thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice."

Furthermore all circumstances of the particular case must be taken into consideration to determine if the claimant gave reasonable notice. Frost v. Idaho Gold Dredging Co., 54 Idaho 312, 31 P.2d 270 (1934). Since the record reveals that the manifestation of Ramona Garren's injuries caused by her accident was delayed, but the findings of the surgical procedure confirmed the causal relationship between the accident and the injury, the circumstances are such that notice was given within a reasonable time or "as soon as practicable."

The purpose of the "notice requirement" was articulated by this Court in Long v. Brown, 64 Idaho 39, 128 P.2d 754 (1942).

"The requirement that notice of an accident be given is to give the employer or some one on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim." 64 Idaho 39 at 44, 128 P.2d 754 at 756.

A careful review of the record indicates that there was competent, substantial though conflicting evidence to support the Board's findings that Ramona Garren was injured by accident arising out of and in the course of her employment and that timely notice was given. I.C. § 72–609; Taylor v. Blackwell Lbr. Co., 37 Idaho 707, 218 P. 356 (1923); Zipse v. Schmidt Bros., 66 Idaho 30, 154 P.2d 171 (1944).

Judgment affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, SHEPARD and SPEAR, JJ., concur.