543 P.2d 495

Kenneth William **KENNEDY**, Claimant-Appellant,

v.

**EVERGREEN LOGGING COMPANY,** Employer, and Argonaut Northwest Insurance Company, Surety, Defendant-Respondent.

No. 11912.

Supreme Court of Idaho.

Dec. 18, 1975.

Glenn A. Coughlan, Coughlan, Imhoff, Christensen & Lynch, Boise, for claimant-appellant.

John W. Barrett, Moffatt, Thomas, Barrett & Blanton, Boise, for defendant-respondent.

DONALDSON, Justice.

Claimant-appellant, Kenneth William Kennedy, filed a notice of injury and claim for compensation with the Idaho Industrial Commission on March 4, 1974. His claim arose out of an alleged accident occurring on June 12, 1973 while he was employed by defendant Evergreen Logging Company at a location near Tamarack, Idaho. Evergreen's surety, defendant-respondent Argonaut Northwest Insurance Company, denied Kennedy's claim on April 22, 1974 on the ground that there was no accident. A hearing was had before a Referee who made findings of fact and conclusions of

law. The Referee found, *inter alia,* that the claimant failed to file timely notice and that the defendants were prejudiced by the delay. In addition, the Referee found that while the June 12 incident aggravated a preexisting condition it did not constitute a distinct injury. Claimant appeals from the order of the Industrial Commission which adopted the findings and conclusions of the Referee.

The following facts are adduced from the record:

Claimant was employed by defendant Evergreen Logging Company in May of 1973 through the efforts of his brother-in-law, Lowell Prince, a road construction foreman for Evergreen. Claimant came to the job with a history of back trouble which included injuries from a January 1973 logging accident which occurred in Oregon while Kennedy was employed by another company. Following the Oregon accident he consulted with Dr. Howard Johnson, an orthopedic surgeon in Boise. Dr. Johnson diagnosed a herniated disc at the level L4–5, treated claimant and released him in May of 1973. During this period claimant received workmen's compensation benefits from his Oregon employer's surety, the Oregon State Accident Insurance Fund.

Although claimant continued to experience occasional pain, Prince agreed to let him try working on the road construction crew. Claimant resided with Prince during the term of his employment with Evergreen.

On June 12, 1973 claimant was driving a dump truck downhill when he unexpectedly met another truck on a blind curve. When he depressed both the clutch and brake to avoid a collision he felt a sharp pain in his back shooting down his left leg. At the time claimant made no mention of the incident to Prince or any person connected with Evergreen. He continued to work for Evergreen until June 14. He then obtained similar work with another employer and returned to his home in Elgin, Oregon at the conclusion of this job.

On June 25, Kennedy wrote Dr. Johnson complaining of increased pain but not specifying the June 12 incident as the cause. Claimant returned to Dr. Johnson on July 19, 1973 complaining of increased pain in his back extending into the left leg and for the first time related the June 12 incident to Dr. Johnson during this visit.

Dr. Johnson reported his findings and recommendations to the Oregon surety, which commenced payments to the claimant for compensation and medical expenses. No notice was given to Argonaut Northwest Insurance Company or Evergreen Logging Company.

Surgery was performed on August 16, 1973. A herniated disc at the L4–5 level was found and remedied with a two level spinal fusion. The Oregon State Accident Insurance Fund terminated payments to claimant in February 1974 on the ground that he had suffered an Idaho accident and a representative of the Oregon surety encouraged claimant to file a claim in Idaho. Claimant's notice of injury and claim for compensation was filed with the Idaho Commission on March 4, 1974, some 266 days from the date of the alleged accident.

The claimant's principal assignments of error are concerned with whether his notice was timely and with whether the June 12 incident was a compensable accident. Inasmuch as we find claimant's notice tardy, and dispositive of his claim, we will address ourselves to that issue only.

Idaho Code § 72–701 provides that "no proceedings * * * shall be maintained unless a notice of the accident * * * shall have been given to the employer as soon as practicable but not later than sixty days after the happening thereof * * *." Idaho Code § 72–704 provides that want of notice or delay in giving notice is excused only "if it is shown that the employer, his agent or representative had knowledge of the injury, or that the employer has not been prejudiced by such delay or want of notice."

The claimant contends that notice was given to the wrong surety because of his

own mistaken belief that his injury was occasioned by his January 1973 accident in Oregon and his physician's mistaken belief that he was still working for his Oregon employer. He concludes that timely notice was given to the wrong surety and that it would be a "grave injustice" to deny workmen's compensation benefits because of these mistakes.

■ Under the statute, notice is not a matter of mere procedural etiquette, it is a necessary requisite to recovery. "The requirement. that notice of an accident be given to an employer 'is to give the employer or someone on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim.'" *Findley v. Flanigan,* 84 Idaho 473, 373 P.2d 551 (1962) citing *Long v. Brown,* 64 Idaho 39, 128 P.2d 754 (1942). Consequently, the burden of proof is on a claimant to show that no prejudice resulted to the employer from his want of or delay in giving notice. His failure to discharge the statutory obligation of proving that the employer and surety either had knowledge of the accident or were not prejudiced by the failure to give notice is a "complete bar to an award of compensation." *Ansbaugh v. Potlatch Forests, Inc.,* 80 Idaho 515, 523, 334 P.2d 442, 447 (1959).

■ In the present case notice was not given until long after the sixty day period had expired. Claimant, however, seeks to show that the defendants were not prejudiced by his delay. He asserts the surety made as complete an investigation of the accident as was possible had notice of the accident and injury been given on the day it occurred. Furthermore, he claims, since surgery is the only medical remedy for a herniated disc, the medical treatment which he received would have been the same had the surety been given prompt notice.

Claimant's unsubstantiated claims are insufficient to carry his burden of showing no prejudice. A prompt investigation would not only have been useful in determining the nature and extent of the accident, particularly where the claimant had a history of similar problems, but also would have allowed the employer and surety to evaluate the relationship of the Idaho incident and the Oregon accident to the claimant's injuries. Likewise, there was no testimony to support the claim that surgery is the only medical remedy for a herniated disc. On the contrary the testimony shows that Dr. Johnson diagnosed a herniated disc as early as March 1973 and treated and released the claimant in May 1973 without surgery. In *Moser v. Utah Oil Refining Co.,* 66 Idaho 710, 168 P.2d 591 (1946), cited as authority by Kennedy, the claimant's preexisting brain tumor was aggravated by a blow to the head which he received at work. The tumor eventually resulted in his death. Based on competent medical testimony the court found the surety had not been prejudiced by late notice because "no medical or surgical attention could have been rendered which would have ameliorated the situation." *Moser,* however, involved circumstances where no manner of treatment would have been effective; its holding is not applicable to the case at hand.

■ Finally, claimant maintains that the payment of compensation by the Oregon Surety until February 1974 tolled the statute of limitations and bound the Idaho surety to its act. He cites *Facer v. E. R. Steed Equipment Company,* 95 Idaho 608, 514 P.2d 841 (1973) as authority. We find that case inapposite.

In *Facer* notice was given to the employer within the sixty day limit. Since the employer changed sureties after the accident and before notice, the second surety incorrectly commenced payments to the claimant. When later investigation revealed the first surety was the proper party, they denied liability on the basis that they had not received notice. This Court affirmed the holding of the Commission that notice to the employer constituted notice to the surety. The surety also alleged the claim was barred by the one year stat-

ute of limitation, allowed in I.C. § 72–407 (now I.C. § 72–706). That statute extended the period of limitations to four years (now five years) when payments of compensation were made and discontinued. The Court held that payment of compensation by the second surety "tolled the statute of limitations and bound the appellant to his act." 95 Idaho at 613, 514 P.2d at 846.

Here neither the employer nor surety had notice of the accident or injury within the statutory time and therefore the *Facer* decision has no application to the facts of this case. The present case does not involve a violation of I.C. § 72–706 but of I.C. § 72–701. Nor does the sixty day notice requirement of I.C. § 72–701 contain a provision for extension of time.

Claimant has failed to meet the burden of showing the defendants were not prejudiced by his belated notice. His claim is barred in accordance with the provisions of I.C. § 72–701 and I.C. § 72–704. Therefore, we affirm the order of the Industrial Commission denying compensation and medical benefits. Order affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.