551 P.2d 630
**David McCOY, Claimant-Respondent,**

v.

**SUNSHINE MINING COMPANY, Employer, Defendant-Appellant.**

**No. 12047.**

Supreme Court of Idaho.

June 25, 1976.

Piatt H. Hull, Hull & Hull, Wallace, for defendant-appellant.

James W. Ingalls, Coeur d'Alene, for claimant-respondent.

SCOGGIN, District Judge, (Retired).

This appeal is taken by the employer, defendant-appellant Sunshine Mining Company (hereinafter appellant) from an order of the Industrial Commission of the State of Idaho (hereinafter Commission) awarding the employee, claimant-respondent David F. McCoy (hereinafter respondent) income benefits and travel and medical expenses as a result of a personal injury suffered by respondent in an accident which occurred in the course of his employment with appellant. We affirm the order of the Commission.

Respondent was employed by appellant as a manual laborer, from February 1973, until the date of the industrial accident in question. The Commission found that the accident which caused the injury occurred while respondent was working on the night shift at 4:30 a.m. on September 19, 1973. Respondent, in the course of his employment was "pulling a chute" when a large boulder became lodged in the chute. While standing on an ore car, respondent and his partner attempted to dislodge the boulder by prying it with a four-foot steel bar. Respondent testified that he lost his footing and started to fall catching him-

self but twisting or straining his back in the process. Respondent rested until quitting time when he left the mine and went home to bed.

The next evening before time to go to work, respondent fainted, and was taken to the hospital, and treated by Dr. Bonebrake, who advised appellant of respondent's examination and hospitalization on September 28, 1973.

The record discloses that respondent continued to complain of fainting spells, dizziness, and left-sided chest pain and was examined and treated by several physicians and specialists including three cardiologists and two neurosurgeons over the next several months. Respondent's ailment was eventually diagnosed by Dr. Vincent, a neurosurgeon, as intercostal neuritis. Intercostal neuritis is an inflammation or irritation of the nerves situated between two adjacent ribs. *See* J. E. Schmidt's Attorney's Dictionary of Medicine (1974). The Commission entered a finding that respondent's disability was a result of intercostal neuritis. At the time of the hearing before the Commission in March of 1975, respondent had not yet returned to work.

Respondent filed a written Notice of Injury and Claim for Benefits with the Commission on April 9, 1974. An application for a hearing was submitted to the Commission by the respondent on September 18, 1974. Appellant filed its answer to this application on October 8, 1974, denying that there was an accident, that there was any work-connected injury and that respondent was disabled. A hearing was held before the Commission on March 10, 1975, and additional medical testimony was taken in Spokane on March 14, 1975.

The Commission entered its findings of fact, conclusions of law and order on August 18, 1975. The Commission concluded that on or about September 19, 1973, re-spondent had suffered a personal injury to his intercostal nerve roots caused by an accident which had occurred in the scope of his employment with appellant; that notice of the accident causing the injury was given to appellant within sixty days of the accident, and that as a direct result of the accident, respondent was totally disabled from work from September 19, 1973, until April 4, 1974. The Commission thereupon awarded respondent income benefits for that 28-week period of time in the total amount of $2,520, and medical and travel expenses totalling $844.58.[1] The Commission also found that it was unable to determine, based on the evidence before it, whether the respondent had sustained permanent partial disability. It therefore reserved jurisdiction to consider additional evidence on that issue and on the question of any additional total temporary disability arising from the accident and injury. Appellant brings this appeal from the order of the Commission dated August 18, 1975.

Appellant raises four assignments of error attacking several findings of fact and conclusions of law made by the Commission but argues that only the following two issues need be considered in this appeal:

1. Did respondent give it notice of the accident as soon as practicable, but not later than 60 days after the happening thereof as required by I.C. § 72–701?

2. Did respondent actually suffer a personal injury caused by an unexpected, undesigned and unlooked for mishap, or untoward event, connected with his employment, which can be reasonably located as to time when, and place where it happened as required by I.C. § 72–102(14), as a result of which he suffered a permanent partial disability?

---

1. Subsequent to the entry of the Commission's award, and upon the receipt of a motion and accompanying affidavit from the appellant, the Commission ordered that appellant be granted credit in the amount of $2,038.57 in pro tanto discharge of its obligation as a result of weekly cash non-occupational disability benefits paid to respondent for a period of 26 weeks following the September 19, 1973 incident.

We will address these two issues in the order presented.

Appellant first submits that the record is devoid of evidence to support the Commission's finding that respondent gave it notice of his accident as he was required to do under I.C. § 72–701, which provides in pertinent part:

"*Notice of injury and claim for compensation—Limitations.*—No proceedings under this law, except in cases of occupational diseases specially provided, shall be maintained unless a notice of the accident or of manifestation of the occupa-

tional disease shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof, . . ."

On the contrary, it is appellant's position that the record discloses a failure on respondent's part to notify it of the alleged accident despite ample opportunity to do so.

In its answer to respondent's application for a hearing, appellant was asked whether it received timely notice of the accident causing respondent's alleged injury. To this query it responded in the affirmative:

| IT IS: (CHECK ONE) | |
| --- | --- |
| ADMITTED | DENIED |
| X | |

"6. That notice of the accident causing the injury, or notice of the occupational disease, was given the employer within 60 days of such accident or within 60 days of the manifestation of such occupational disease."

Furthermore, when asked on the same answer form:

"12. State exactly what matters are in dispute and your reason for denying liability, together with other affirmative defenses."

appellant made no mention of the question of timely notice as being in controversy. However it did deny there was any work-connected injury and that respondent was disabled thereby.

The statements in its answer are binding upon appellant and removed the question of notice from the issues to be resolved by the Commission. *Rivera v. Johnston*, 71 Idaho 70, 225 P.2d 858 (1950); In re Soran, 57 Idaho 483, 67 P.2d 906 (1937); *Bocock v. State Board of Education*, 55 Idaho 18, 37 P.2d 232 (1934). Appellant cannot be heard at this stage of the proceedings to complain that the record does not disclose timely notice after admitting in its pleadings to having received proper notice. *Paull v. Preston Theatres Corp.*, 63 Idaho 594, 607, 124 P.2d 562, 567

(1942); *Branson v. Firemen's Retirement Fund*, 79 Idaho 167, 312 P.2d 1037 (1957).

Furthermore, assuming arguendo that the statements in the answer do not constitute an admission on the issue of notice, appellant still cannot prevail on this point. The record discloses that appellant through its personnel manager had actual knowledge of the accident a short time after its occurrence. The Commission's fourth finding of fact reads in part:

IV.

"Shortly after September 28, 1973, claimant orally advised the employer's personnel manager of the accident."

The finding is supported by sufficient evidence to sustain it. Findings of fact made by the Commission in workmen compensation cases which are supported by substantial and competent evidence will not be disturbed by this Court on appeal. *Garren v. J. R. Simplot Company*, 93 Idaho 458, 463 P.2d 558 (1969) and cases cited therein.

In addition, the record discloses that the appellant fully investigated the in-

cident that occurred on September 19, 1973, and therefore was not prejudiced or rendered less capable of resisting the claim filed against it by any want of notice. *Long v. Brown,* 64 Idaho 39, 128 P.2d 754 (1942); *Garren v. J. R. Simplot Company, supra.* Under I.C. § 72-704,[2] want of notice is not a bar to proceedings to establish a claim under the workman's compensation act if the employer, his agent or representative had actual knowledge of the accident or injury, or was not prejudiced by the lack of notice. *Facer v. E. R. Steed Equipment Co.,* 95 Idaho 608, 514 P.2d 841 (1973) and cases cited therein.

■ Appellant next contends that the Commission committed error in finding that respondent sustained an injury as a result of an industrial accident, which temporarily totally disabled him from work for a period of 28 weeks, and in retaining jurisdiction of the proceeding for a further determination of possible permanent partial disability arising out of that accident. Appellant maintains that the testimony of the doctors who examined and treated respondent discloses no evidence that would support a finding or conclusion that respondent suffered a disability as a result of a work related accident. A careful review of the record does not sustain this argument.

It has long been an established rule in this jurisdiction that:

"A claimant in a workmen's compensation cause has the burden of proving compensable disablement, caused by an accident arising out of and in the course of his employment. His proof must establish a 'probable, not merely a possible, connection between cause and effect to support his contention that he suffered a

compensable accident.'" *Kern v. Shark,* 94 Idaho 69, 71, 480 P.2d 915, 917 (1971). Dr. Vincent, a neurosurgeon who treated respondent testified that in his opinion, to a reasonable degree of medical probability, respondent was suffering from intercostal neuritis as a result of the industrial accident of September 19, 1973. This opinion was substantiated by Dr. Staley, who also treated respondent. While the record discloses testimony before the Commission which was in disagreement with the conclusions reached by these two doctors, the conflict in the evidence was resolved by the Commission in favor of respondent. In workman compensation proceedings, the Commission,

". . . is the arbiter of conflicting evidence, and if the Board's [Commission's] determination is supported by substantial, competent evidence, it will not be disturbed on appeal." *Hamby v. Simplot Company,* 94 Idaho 794, 797, 498 P.2d 1267, 1270 (1972); I.C. § 72-732; Idaho Const. art. V, § 9.

The Commission's findings in the case are supported by substantial evidence, and accordingly will not be disturbed on appeal.

■ Finally, we find no error in the reservation of jurisdiction by the Commission to receive additional evidence on the issue of permanent partial disability, an issue which was not resolved at the time of the hearing. *Brooks v. Duncan,* 96 Idaho 579, 532 P.2d 921 (1975); *Clark v. Sage,* 95 Idaho 79, 502 P.2d 323 (1972); *Facer v. E. R. Steel Equipment Company, supra.*

The order and decision of the Commission is *affirmed.* Costs to respondent.

McFADDEN, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.

---

2. I.C. § 72-704 provides: *"Sufficiency of notice—Knowledge of employer.*—A notice given under the provisions of section 72-701, shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury, or disease, or otherwise, unless it is shown by the employer that he was in fact prejudiced thereby. Want of notice or delay in giving notice shall not be a bar to proceedings under this law if is shown that the employer, his agent or representative had knowledge of the injury, or that the employer has not been prejudiced by such delay or want of notice."