605 P.2d 506

**Sam D. DICK, Claimant-Appellant,**

v.

**AMALGAMATED SUGAR CO., Employer-Defendant-Respondent.**

**No. 12982.**

Supreme Court of Idaho.

Dec. 28, 1979.

Rehearing Denied Feb. 15, 1980.

Emil F. Pike, Jr., Pike & Berry, Twin Falls, for claimant-appellant.

Harry C. DeHaan, Benoit & Alexander, Twin Falls, for employer-defendant-appellee.

DONALDSON, Chief Justice.

Claimant Samuel D. Dick (Dick), an employee of the Amalgamated Sugar Company, appeals from the Industrial Commission's order granting dismissal of the claimant's petition and application for hearing, claiming that findings of fact and conclusions of law were erroneous. We affirm the dismissal.

Claimant had been employed by Amalgamated Sugar in their Twin Falls factory for about ten years and was warehouse foreman. He claimed he was injured in February of 1977, the exact date being in dispute. According to Dick, he was working with fellow employee Ken Miller and the two men were attempting to open a tumble gate on a bulk railroad freight car with a pipe wrench. While the two were attempting to remove the tumble gate, it suddenly opened and Dick tried to catch it. When he did, something snapped in his back. Dick stopped working, caught his breath and rubbed his back for about fifteen minutes. When the discomfort started going away and he began feeling better he returned to work but did not report the accident.

Mr. Cornelius Lanting, factory services manager for Amalgamated Sugar, testified that on June 14, 1977, he first learned that Dick was claiming a work-related injury. Prior to that time Dick had not filed an accident report with his employer. In conducting his investigation of the matter, Lanting was unable to verify the accident. Dick's claim for compensation was denied by Amalgamated Sugar because of his failure to notify his employer within 60 days as required by I.C. § 72–701.

Claimant filed a Notice of Injury and Claim for Benefits and an Application for Hearing with the Industrial Commission in September 1977, wherein he alleged that he had "orally informed the warehouse superintendent" of the accident a few days after its occurrence. Amalgamated Sugar Company denied that allegation and a hearing was held before the commission on January 11, 1978.

The hearing was limited to the sole issue of whether the employer had received notice within the sixty day statutory period. At the hearing, the commission heard the testimony of Dick, Dr. Pond, a physician who had treated Dick, and Ken Miller on claimant's behalf. It also heard the testimony of Cornelius Lanting on behalf of Amalgamated Sugar Company. At the conclusion of the hearing the commission entered findings of fact and conclusions of law, among which were that Dick had failed to give written notice of his accident to Amalgamated Sugar within sixty days as required by I.C. § 72–701 and that such failure resulted in prejudice to Amalgamated Sugar. The commission also concluded that Dick had failed to sustain his burden of proof that Amalgamated Sugar had actual knowledge of the accident, and granted Amalgamated Sugar's oral motion to dismiss Dick's petition and application with prejudice. Dick timely filed his appeal with this Court.

■ The first issue on appeal is whether Dick provided notice of his accident to his employer. A review of the record discloses that the sole issue presented and considered at the hearing before the Industrial Commission was whether the employer received notice of the employee's injury within the 60 day statutory period:

"MR. DEFENBACH: Now, with regard to this hearing today, is this hearing to be limited to the issue of liability or are we going to cover all issues at this hearing today?

MR. DeHAAN: Liability is the only question before the Commission, Your Honor.

MR. DEFENBACH: Let's be specific now so there won't be any misunderstanding. Now, liability in what respect?

MR. DeHAAN: As to whether or not the employer got notice within the statutory period, 60 days.

MR. DEFENBACH: You understand that the Supreme Court rulings, of course, are that within—in that particular defense, we have the element of whether or not prejudice—whether or not the defendant was prejudiced by the lack of notice.

MR. DeHAAN: Yes, Your Honor, and I intend to cover that."

When a late notice may be filed should have been raised at some point in the hearing. The record indicates that Dick's attorney rested on the issue of notice without making an argument on why late notice should be excused. Such an argument cannot be raised for the first time on appeal. *Bair v. Barron,* 97 Idaho 26, 30, 539 P.2d 578, 582 (1975). It was not error on the commission's part in refusing to enter findings of fact as to when late notice was excusable.[1]

■■ Dick also claims as error the commission's finding that failure to file written notice within the 60 day statutory period resulted in prejudice to the employer. Dick argues that the real question here is whether Amalgamated would have been in any better position to investigate the accident and afford medical treatment to Dick if it had received notice on the sixtieth day after the accident rather than the sixty-first. We find this argument unpersuasive. This Court has held on numerous occasions that the claimant has the burden of proving lack of prejudice to the employer where no notice has been provided to him. *Lescinski v. Potlatch Forests, Inc.,* 67 Idaho 98, 170 P.2d 605 (1946); *Frost v. Idaho Gold Dredging Co.,* 54 Idaho 312, 31 P.2d 270 (1934); *Bodah v. Coeur d'Alene Mill Co.,* 44 Idaho 680, 258 P. 1079 (1927). Failure to discharge the statutory obligation of proving that the employer either had knowledge of the accident or was not prejudiced by the failure to give notice is a complete bar to an award of compensation. *Ansbaugh v. Potlatch Forests, Inc.,* 80 Idaho 515, 523–24, 334 P.2d 442, 447 (1959). Moreover, this Court has held that where the claimant contends that the medical treatment which he received would have been the same had timely notice been given, that the claimant has failed to carry his burden of showing no prejudice. *Kennedy v. Evergreen Logging Co.,* 97 Idaho 270, 272, 543 P.2d 495, 497 (1975).

Here, the record indicates that Amalgamated did not learn that Dick was claiming a work-related accident until some time after June 7, approximately four months after the date of the accident. Prior to that time Dick had not filed an accident report with his employer, even though Dick's position as warehouse foreman required him to participate in and become familiar with the plant's safety program, including its policy of reporting every accident regardless of how minor it might be.

Although Dick testified that he reported the injury as work-related to Supervisor Day approximately two days after it occurred, Lanting testified that through his investigation of the accident, he was unable to verify it. Russ Jensen, a fellow worker who was present at the time of the exchange between Dick and Day, told Lanting that no mention was made to Day of Dick's

---

1. Although Dick is precluded from arguing on appeal the issue of *when* late notice is excusable, recovery was still possible under I.C. § 72–704. It provides that lack of notice or delay in giving notice shall not bar recovery if the employee can show that the employer had knowledge of the injury, or that the employer has not been prejudiced by such delay or lack of notice. But as discussed, *infra,* the commission concluded that the claimant had failed to meet either his burden of proving that his employer had actual knowledge of the accident, or that such lack of knowledge did not result in prejudice.

injury being work-related.[2] Another worker, who Dick claimed was present at the time of the accident, was not working on the day of the accident and had not been working since January 17, according to work records.

When asked to explain his version of the incident, Dick testified that he told Day about the pain in his leg and wondered if the leg pain weren't related to the accident. Yet, when asked why he allowed seventeen days to pass between the date of the accident and his first visit to a chiropractor without filing an accident report, Dick claimed it was because be did not know the leg pain was caused from the back injury.

Finally, Dick admitted that no written notice had been given within the statutory limit. He also admitted that he gave Lanting two or three different stories about the accident which, when checked, could not be verified.

Based on the evidence before the commission, we cannot say that it erred in concluding that Dick failed to give written notice within the 60 day period required by I.C. § 72–701, and that such delay resulted in prejudice to Amalgamated. Since our scope of review is limited to whether there was substantial and competent evidence from which the commission could have reached its conclusions, I.C. § 72–724(2); I.C. § 72–732(1); *Paulson v. Idaho Forest Industries, Inc.,* 99 Idaho 896, 591 P.2d 143 (1979), we affirm the commission's findings of fact and conclusions of law on the basis of the record. Costs to respondent.

Affirmed.

BAKES, McFADDEN and BISTLINE, JJ., and THOMAS, J. Pro Tem., concur.

---

2. The statement made by Jensen to Lanting was objected to as being hearsay and Dick's attorney asked that it be stricken from the record. The commission noted the objection but refused to rule on it during the hearing and made no final ruling on its admissibility in its findings or conclusions. Thus, it remains unclear whether this evidence was used in determining whether Dick had given notice to Amalgamated. An examination of other evidence in the record indicates that the commission could have reached the same conclusion without Jensen's statement. Because Dick did not raise the admissibility of Jensen's statement as an assignment of error, we need not rule on it in this case.