900 P.2d 1348

Linda C. MURRAY–DONAHUE,
Claimant–Appellant,

v.

NATIONAL CAR RENTAL LICENSEE
ASSOCIATION, Employer, and State In-
surance Fund, Surety, Defendants–Re-
spondents.

No. 21246.

Supreme Court of Idaho,
Boise, January 1995 Term.

Aug. 10, 1995.

Goicoechea Law Offices, Chtd., Boise, for
appellant. Clinton E. Miner argued, Boise.

Ellis, Brown and Sheils Chtd., Boise, for respondent. Max M. Sheils Jr. argued, Boise.

SILAK, Justice.

This is a worker's compensation case. While on a business trip for her employer, the claimant Linda C. Murray–Donahue (Murray–Donahue) suffered an injury to her back when she retrieved her suitcase from the baggage claim at an airport.

The Industrial Commission concluded that Murray–Donahue's claim is barred because she failed to provide adequate notice of her injury within sixty days of the accident as required by I.C. § 72–701. The Commission also ruled that the lack of proper notice resulted in prejudice to National Car Rental Licensee Association (employer), and State Insurance Fund (surety) (collectively respondents), in their defense of this case. Although we find no error in the Commission's rulings regarding lack of proper notice and prejudice, we vacate the order denying Murray–Donahue's claim, and remand to the Commission with instructions to make appropriate findings as to whether the employer had "knowledge of the injury" within the meaning of I.C. § 72–704.

## I.

## FACTS AND PROCEDURE

While traveling on behalf of the employer, Murray–Donahue suffered an injury to her back when she retrieved her suitcase from the baggage claim at the airport in Boston, Massachusetts, on December 4, 1991. As she retrieved her suitcase, she experienced a "real stabbing pain" in her lower back and down into her legs. Within two weeks, Murray–Donahue orally notified her supervisor, Ms. Seewald, that she had experienced the onset of back pain while retrieving her luggage in the Boston airport. Murray–Donahue did not seek medical treatment for her back until approximately July 1992, when she was no longer employed by the employer.

Because Murray–Donahue had previously experienced work-related injuries to her back while working as a flight attendant for another employer based in the State of Washington, she filed a claim for benefits for the December 1991 back injury in Washington in September 1992. The State of Washington denied Murray–Donahue's claim in late November 1992.

On December 4, 1992, one year after the accident, Murray–Donahue submitted a completed Notice of Injury and Claim for Benefits form to Ms. Seewald, who signed the form and submitted it to the Industrial Commission. The form stated that the employer learned of the accident on December 16, 1991. Murray–Donahue later filed a worker's compensation complaint with the Industrial Commission in March 1993. The matter was heard before an Industrial Commission referee in December 1993. The referee found that:

> Claimant did relay the fact to Ms. Seewald that she had experienced the onset of back pain while routinely retrieving her luggage in the Boston Airport. But Ms. Seewald knew that Claimant had suffered from previous back problems. Claimant herself attributed her back pain to previous industrial injuries and not to her current employment, and did not proceed to seek medical treatment for her back until approximately July 1992. The Employer was therefore not provided with any notice or indication that Claimant had suffered an industrial accident and injury in December 1991.

The referee concluded that Murray–Donahue "... failed to provide adequate written or oral notice of her alleged accident and injury within 60 days as required" by I.C. § 72–701. The Commission entered an order in March 1993 adopting the referee's findings and conclusions and denying Murray–Donahue's claim.

## II.

## STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the Industrial Com-

mission's findings of fact are supported by substantial, competent evidence. I.C. § 72–732. We exercise free review over the Commission's conclusions of law. Idaho Const. art. V, § 9; *Davaz v. Priest River Glass Co., Inc.,* 125 Idaho 333, 336, 870 P.2d 1292, 1295 (1994).

## III.

## ANALYSIS

### A. INADEQUATE NOTICE UNDER I.C. § 72–701

The Commission held that Murray–Donahue failed to provide adequate notice under I.C. § 72–701, which provides as follows:

> No proceedings under this law shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof. . . .

The form of the notice is provided in I.C. § 72–702:

> Such notice ... shall be in writing; the notice shall contain the name and address of the employee, and shall state in ordinary language the time, place, nature and cause of the injury or disease and shall be signed by him or by a person on his behalf. . . .

This Court has held that the notice must be sufficient to apprise the employer of any accident arising out of and in the course of employment causing the personal injury. *Findley v. Flanigan,* 84 Idaho 473, 483, 373 P.2d 551, 558 (1962) *questioned on other grounds in Christensen v. Calico Constr. & Dev. Co., Inc.,* 97 Idaho 327, 329, 543 P.2d 1167, 1169 (1975). However, under I.C. § 72–704, a notice "shall not be held invalid or insufficient by reason of any inaccuracy in stating the time, place, nature or cause of the injury" unless the employer was prejudiced thereby.

▮ Murray–Donahue argues that she gave sufficient notice to her employer when she reported her back pain to Ms. Seewald after returning from her business trip. We are not persuaded that Murray–Donahue gave adequate notice. There is no dispute that Murray–Donahue never gave a written notice within sixty days. When asked during the hearing before the referee if she notified her employer of the December '91 injury, Murray–Donahue responded, "[v]erbally I had notified him that we had difficulty in Boston and that I was having problems with my back." The phrase "I was having problems with my back" is ambiguous. It could mean mere discomfort unconnected with a work-related injury. The individual Murray–Donahue notified was Ms. Seewald, but Murray–Donahue also admitted that Ms. Seewald knew Murray–Donahue had back problems in the past. Further, Murray–Donahue failed to seek medical treatment for the alleged injury until after she no longer worked for respondent-employer in July 1992. Murray–Donahue's vague statement to her supervisor that she was having back problems is insufficient to give the required notice of an accident and injury under I.C. § 72–701 and § 72–702, particularly in view of her prior history of back problems. We hold that the Commission's determination of lack of notice is supported by substantial, competent evidence.

### B. PREJUDICE TO EMPLOYER UNDER I.C. § 72–704

▮ The referee and the Commission concluded respondents have been prejudiced in their defense of this case by the lack of proper notice. This determination, too, is supported by substantial, competent evidence.

I.C. § 72–704 provides, in addition to the portion quoted earlier:

> Want of notice or delay in giving notice shall not be a bar to proceedings under this law if it is shown that the employer, his agent or representative had knowledge of the injury or occupational disease, *or that the employer has not been prejudiced by such delay or want of notice.*

(emphasis added). Murray–Donahue contends that respondents have suffered no

prejudice because there is no indication of any incident worsening her condition between the time of the accident and the filing of the claim, nor any indication that respondents were unable to secure further examinations by their own physicians. We agree there is nothing in the record which indicates any post-December '91 exacerbation of her injury, or any difficulty for respondents in obtaining medical examinations. However, this does not exclude the possibility of prejudice where the claimant failed to give notice.

■ The burden of proof is on a claimant who has not given notice of the accident to show that no prejudice resulted to the employer on account of such want of giving notice. *Ansbaugh v. Potlatch Forests, Inc.*, 80 Idaho 515, 523, 334 P.2d 442, 447 (1959). Murray–Donahue has not met her burden of proof in this regard. As we stated in *Kennedy v. Evergreen Logging Co.*, 97 Idaho 270, 272, 543 P.2d 495, 497 (1975):

> Claimant's unsubstantiated claims are insufficient to carry his burden of showing no prejudice. A prompt investigation would not only have been useful in determining the nature and extent of the accident, particularly where the claimant had a history of similar problems, but also would have allowed the employer and surety to evaluate the relationship of the Idaho incident and the Oregon accident to the claimant's injuries.

Here, the referee found that the respondents "had no opportunity to investigate the alleged accident and injury, to have Claimant examined by a medical provider, or to ensure that Claimant did nothing to further aggravate the alleged injury." Accordingly, the referee and the Commission concluded that respondents had been prejudiced by not receiving notice of the alleged injury until December 1992. We find no error in this ruling because we agree that Murray–Donahue failed to satisfy her burden of proof to show no prejudice.

## C. KNOWLEDGE OF ACCIDENT UNDER I.C. § 72–704

■ Nevertheless, Murray–Donahue contends she did not have to prove lack of prejudice. Murray–Donahue argues that a claimant can overcome a lack of notice under I.C. § 72–704 by showing *either* that the *employer had knowledge* of the injury *or* that the employer has not been prejudiced by such delay or lack of notice.

■ Lack of notice "shall not be a bar to proceedings under this law if it is shown that the employer … *had knowledge of the injury* … *or* that the employer has not been prejudiced by such delay or want of notice." I.C. § 72–704 (emphasis added). Oral notice to the employer may provide the employer with actual knowledge of an injury, thus obviating the necessity of a written notice. *McCoy v. Sunshine Mining Co.*, 97 Idaho 675, 677, 551 P.2d 630, 632 (1976). Here, at least some oral notice was given within two weeks of the accident, and Ms. Seewald signed a notice of injury form which stated that the employer learned of the accident on December 16, 1991.

■ The referee and Commission failed to expressly find that the employer had no knowledge of the injury. The referee and Commission did find that Murray–Donahue gave no proper *notice* under I.C. § 72–701. Nevertheless, there may be circumstances where an employer has considerable *knowledge* of an accident or injury without having received a formal written *notice*. The employer may have witnessed the accident, or otherwise been apprised of an injury. No formal notice is required in such circumstances under I.C. § 72–704.

■ While it is tempting to infer from the Commission's finding of prejudice that the Commission also found respondents had no knowledge, we will not do so. We must liberally construe the provisions of the worker's compensation law in favor of the employee, in order to serve the humane purpose for which the law was promulgated. *Davaz v. Priest River Glass Co., Inc.*, 125 Idaho 333, 337, 870 P.2d 1292, 1296 (1994). Accordingly, we vacate the Commission's order denying Murray–Donahue's claim for benefits, and remand for the Commission to make appropriate findings regarding whether the employer had knowledge of the injury.

## IV.

### CONCLUSION

The Commission's March 23, 1994, order is vacated and this matter is remanded to the

Commission. Although this Court finds no error in the Commission's order regarding lack of proper notice and prejudice, we vacate and remand for the Commission to enter additional appropriate findings regarding whether the employer had knowledge of the injury within the meaning of I.C. § 72–704.

Costs on appeal to appellant.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and YOUNG, J. Pro. Tem., concur.