963 P.2d 1174

**Carolyn TONAHILL, Claimant–Appellant,**

**v.**

**LEGRAND JOHNSON CONSTRUCTION COMPANY, Employer, and Industrial Indemnity, Surety, Defendants–Respondents.**

**No. 23638.**

Supreme Court of Idaho,
Pocatello, 1998 May Term.

Aug. 19, 1998.

---

Craig R. Jorgensen, Pocatello, for Claimant-Appellant.

Quane, Smith, Howard & Hull, Boise, for Defendants-Respondents. W. Scott Wigle argued.

SILAK, Justice.

This is an appeal from a decision of the Industrial Commission (the Commission) that the claimant's worker's compensation claim was time barred under Idaho Code § 72–706(1) or alternatively under I.C. § 72–701. We vacate the decision of the Commission and remand for further proceedings.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On August 3, 1993, Carolyn Tonahill (Tonahill) was allegedly injured at her workplace, LeGrand Johnson Construction Company (LeGrand), while operating a motorized broom. Later that same day, Tonahill reported the accident to her project supervisor, Duane Smith. Tonahill continued to work the rest of the day and half of the following day, until she was sent home due to poor weather and a malfunction in the mill. Tonahill did not return to work for LeGrand.

On August 17, 1993, Tonahill visited her physician because of pain in her back and legs. Tonahill alleged that she notified her project supervisor of this visit on August 16, 1993. The supervisor denied receiving notice.

On August 18, 1993, LeGrand received a receipt of a prescription prescribed for Tonahill. Upon receipt of the prescription, Larry Jardine, the president of LeGrand, contacted the project supervisor and inquired about the August 3, 1993 accident. On August 23, 1993, LeGrand prepared a "Notice of Injury and Claim for Benefits" (Form–1) for Tonahill. Tonahill did not sign the Form–1, nor was she aware the Form–1 was being filed.

The Commission received the Form–1 on August 25, 1993.

On August 26, 1993, Tonahill's attorney wrote a letter to Industrial Indemnity (Surety), advising that Tonahill had retained his services, and referencing her accident and claim. This letter was received by the Surety on September 2, 1993.

On September 14, 1993, a claims examiner for the Surety took Tonahill's statement. Tonahill testified that she understood the statement was being taken for the workers' compensation claim. Soon afterwards, the claims examiner contacted Tonahill's attorney and stated that she needed Tonahill's prior medical records in order to process the claim. By June 9, 1994, the claims examiner had not received the medical records and Tonahill was advised that the claim was being denied. On August 1, 1994, Tonahill's attorney advised the claims examiner that he had the necessary medical records and intended to file a complaint with the Commission.

On August 26, 1994, Tonahill filed a complaint with the Commission. The Commission adopted the referee's findings of fact and conclusions of law, finding that the complaint was time barred by I.C. § 72–706(1), which requires that when no compensation has been paid to the claimant, a claim for benefits must be filed within one year from the making of a claim. The Commission defined "the making of a claim" as the filing of Form–1 by LeGrand, which occurred on August 25, 1993, therefore making August 26, 1994, one day past the time limit to file a complaint. The Commission further found that if Tonahill did not wish to rely upon the Form–1 filed by LeGrand, her claim would be barred since she did not file a Notice of Injury and Claim for Benefits form with the Commission within one year of the accident under I.C. § 72–701. This appeal follows.

## II.

### ISSUES ON APPEAL

Tonahill presents the following issues on appeal:

(1) Whether the Commission erred in concluding that LeGrand's filing of the Form–1 constituted a claim for purposes of I.C. § 72–706(1).

■ Whether Tonahill is entitled to attorney fees and costs on appeal.

## III.

### ANALYSIS

#### A. Standard of Review.

■ The Commission's decision will be upheld if there is substantial and competent evidence to support the decision. *Reedy v. M.H. King Co.*, 128 Idaho 896, 899, 920 P.2d 915, 918 (1996). This Court will not try the matter anew, by weighing the evidence, but exercises free review over the Commission's conclusions of law. *Riggs v. Estate of Standlee*, 127 Idaho 427, 429, 901 P.2d 1328, 1330 (1995).

#### B. The Commission Erred In Concluding That The Appellant's Complaint Was Time Barred.

■ The process for filing a workers' compensation claim is defined by statute. *See* I.C. §§ 72–701–708. The Commission held that Tonahill's claim was time barred because she did not file a complaint with the Commission within one year of the Form–1 filed by LeGrand as required by I.C. § 72–706(1). Alternatively, the Commission held that if Tonahill did not rely on the Form–1 submitted by LeGrand as a claim, her claim was barred for failing to submit a claim with the Commission within one year of the accident as required under I.C. § 72–701. We disagree with the Commission's analysis.

#### 1. Idaho Code Section 72–701.

■ I.C. § 72–701 reads in pertinent part:

No proceedings under this law shall be maintained unless a notice of the accident shall have been given to the employer as soon as practicable but not later than sixty (60) days after the happening thereof, and unless a claim for compensation with respect thereto shall have been made within one (1) year after the date of the accident. . . .

This statute mandates a two step process. First, notice of the accident must be provided to the employer by the claimant within sixty days of the accident. *Williamson v. Whitman Corp./Pet, Inc.* 130 Idaho 602, 605, 944 P.2d 1365, 1368 (1997). Second, a claim for compensation must be made within one year of the accident. *Id.*

■ There is no question that LeGrand had notice of the accident within sixty days of the accident. In fact, the parties do not dispute that LeGrand and the Surety had notice of the injury as required by the statute. Oral notice is sufficient to provide the employer actual notice of the injury. *Murray–Donahue v. Nat'l Car Rental Licensee Ass'n,* 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995). Here, LeGrand had enough notice to be able to file the Form–1 with all the relevant information. "It is well established that notice to the employer is deemed to be notice to the surety." *Brooks v. Standard Fire Ins. Co.,* 117 Idaho 1066, 1073, 793 P.2d 1238, 1245 (1990). Additionally, the Surety had notice through the letter sent on August 26, 1993, by Tonahill's attorney and received on September 2, 1993, by the Surety.

The key issue in this case turns on whether Tonahill filed a claim for benefits. Idaho Code § 72–702 requires that the notice and claim be in writing and specifies certain requirements to be in that writing. LeGrand argues that the Form–1 submitted to the Surety constitutes a claim. Alternatively, LeGrand argues that if Tonahill does not rely on the Form–1 submitted by LeGrand, her claim is barred because she never submitted a claim with the Commission.

■ Nothing in the statutory language of I.C. § 72–701 requires that the claim be filed with the Commission. Indeed, I.C. § 72–703 states directly to the contrary:

> **Giving of notice and making of claim.—** Any notice under this law shall be given to the employer, or, if the employer is a partnership, then to any one (1) of the partners.... The foregoing provisions shall apply to the making of a claim.

The plain meaning of this statute would indicate that the claim is to be made with the employer not with the Commission. When interpreting a statute, this Court will give ordinary words their ordinary meaning unless a contrary purpose is clearly indicated. *Ada County Assessor v. Roman Catholic Diocese,* 123 Idaho 425, 428, 849 P.2d 98, 101 (1993). Additionally, "where the language of the statute is unambiguous, the clear expressed intent of the legislature must be given effect and there is no occasion for construction." *Id.* This Court has stated that "[w]e must liberally construe the provisions of the worker's compensation law in favor of the employee, in order to serve the humane purpose for which the law was promulgated." *Murray–Donahue,* 127 Idaho at 340, 900 P.2d at 1351. It is obvious from the wording of this statute that the claim must be filed with the employer, not the Commission. In *Williamson,* 130 Idaho at 605, 944 P.2d at 1368, and *Petry v. Spaulding Drywall,* 117 Idaho 382, 384, 788 P.2d 197, 199 (1990), this Court stated that I.C. § 72–701 required that a claim be filed with the Commission. Those cases are distinguishable from this case because the discussion of I.C. § 72–701 was unnecessary to the holdings in *Williamson* and *Petry.*

We hold that the letter received by the Surety on September 2, 1993 constituted a claim made to the employer. It was this letter that put the employer and the surety on notice that Tonahill was pursuing her legal rights to compensation. Since the letter was received well within one year of the accident, Tonahill was timely in filing her claim.

### 2. Idaho Code § 72–706(1).

The Commission held that Tonahill's complaint was time barred because she did not file a complaint with the Commission within one year from the making of a claim as required under I.C. § 72–706(1).

Idaho Code § 72–706(1) provides that:

> When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by the employer or surety, shall have one (1) year from the date of making claim within which to make and file with the

commission an application requesting a hearing and an award under such claim.

 Tonahill argues that the Commission erred by determining that the "making of a claim" occurred when LeGrand filed the Form–1. We agree. As stated above, I.C. § 72–701 requires that a claim be made with the employer. Tonahill made a claim with the Surety on September 2, 1993, in the form of a letter from her attorney. Therefore, Tonahill had one year from September 2, 1993, to file a complaint with the Commission. Since Tonahill's complaint was filed on August 26, 1994, the complaint was filed within one year of the making of the claim.

LeGrand, as the employer, is required under Idaho Code § 72–604, to file a report when it has knowledge of an injury. This would explain the necessity for LeGrand to file the Form–1 on August 23, 1993.

We hold that Tonahill gave notice to her employer within sixty days of the accident and filed a claim within one year of the accident with her employer, LeGrand, on September. 2, 1993, therefore satisfying the requirements of I.C. § 72–701. We also hold that Tonahill filed a complaint with the Commission within one year of the making of a claim, therefore complying with I.C. § 72–706(1).

### C. Tonahill Is Not Entitled To Attorney Fees On Appeal.

 In a workers' compensation case, the only provision providing for attorney fees is I.C. § 72–804. *McAlpin v. Wood River Med. Ctr.*, 129 Idaho 1, 7, 921 P.2d 178, 184 (1996). Idaho Code § 72–804 allows for attorney fees to be awarded if the employer or surety contested a claim for compensation without reasonable grounds. We do not believe that this claim was contested without reasonable grounds. Consequently, we do not award attorney fees to Tonahill on appeal.

### IV.

### CONCLUSION

We hold that the decision of the Commission that Tonahill's claim was time barred is erroneous. We vacate the decision of the

Commission and remand the case for further proceedings in conformance with this opinion. No attorney fees on appeal. We award costs on appeal to Tonahill.

TROUT, C.J., and JOHNSON, SCHROEDER and WALTERS, JJ., concur.