136 P.3d 307

Peter JACKSON, Claimant–Appellant,

v.

JST MANUFACTURING, Employer and
Everest National Insurance Company,
Surety, Defendants–Respondents.

No. 32001.

Supreme Court of Idaho,
Boise, March 2006 Term.

April 25, 2006.

Stephen J. Lord, Boise, for appellant.
Stephen J. Lord argued.

Ellis, Brown & Sheils, Chtd., Boise, for
respondents.

JONES, Justice.

Peter Jackson appeals from the order of
the Idaho Industrial Commission dismissing
his complaint for worker's compensation ben-
efits. He contends he overcame his burden
to show that his untimely notice of injury did
not prejudice his employer, as an untimely
notice is presumed to do per I.C. § 72–704.
We do not agree, and we affirm.

## I.

Mr. Jackson is a welder. He began work-
ing as such for JST Manufacturing in June
1999, after moving from Massachusetts.
There, he had worked as a welder at least
intermittently since 1979. During his stint
with JST, Mr. Jackson experienced respira-
tory difficulties in the form of coughing,
hacking, and shortness of breath. These
symptoms plagued him both during work and
non-work hours. Four to six months after
starting at JST, Mr. Jackson sought treat-
ment for these ailments from his family prac-
tice physician.

Mr. Jackson was apparently dissatisfied
with the working conditions at JST. Both

welding and "grinding" were occurring in the building where he worked, and he described conditions in the building as sometimes looking "like it had snowed in there." He filed a complaint with the Occupational Safety and Health Administration (OSHA) in February 2001, but an investigation turned up no air quality violations. In April 2001, Mr. Jackson left JST's employ, claiming he had been retaliated against for filing the complaint with OSHA.

That fall, Mr. Jackson visited another physician regarding his respiratory ailments. Between then and January 2002, the physician performed a series of tests on Mr. Jackson. After the final visit, in January 2002, the physician noted that Mr. Jackson's difficulties were likely precipitated by welding and nickel exposure. In May 2002, Mr. Jackson filed a report of injury or illness that triggered the proceedings leading to this appeal. He filed a complaint for worker's compensation benefits in November 2002.

Idaho Code § 72–448 requires one seeking worker's compensation benefits to notify his or her employer in writing of an occupational disease within sixty days of its first manifestation, or that employee's rights are "forever barred." I.C. § 72–448(1). However, "delay in giving notice shall not be a bar to proceedings under this law if it is shown that the employer, his agent or representative had knowledge of the injury or occupational disease or that the employer has not been prejudiced by such delay or want of notice." I.C. § 72–704. JST answered Mr. Jackson's complaint and denied that the notice of injury had been given within sixty days. Mr. Jackson has conceded that his notice was given after the sixty-day period. And the parties stipulated that JST or its agents or representatives had no notice of the injury until May 2002, when Mr. Jackson filed his notice of injury.

The focus in this appeal is on the issue of prejudice to JST as a result of the untimely notice. Louise Bertagnolli is the general manager, chief executive officer, and owner of JST. She received Mr. Jackson's report of injury or illness on May 3, 2002. Ms. Bertagnolli testified in her deposition that upon seeing the complaint, "I would have called the—whoever at the time was handling the claims for workers' comp." She stated further that when she received the notice, she "notified the insurer and I also notified our attorney who was handling another issue with Mr. Jackson." Then, at the hearing before the referee, she was asked, "And you wouldn't have done anything differently with that claim when it came in, if it would have come in on January the 20th, instead of whenever it came in in May of 2002?" She responded, "Well, since Mr. Jackson was no longer employed by us, I wouldn't have done anything different than to report it."

After the hearing, the referee concluded that Mr. Jackson had not demonstrated his employer was not prejudiced by the delay and dismissed his complaint. The Industrial Commission adopted the referee's findings and issued an order dismissing the complaint. Mr. Jackson asked the Commission to reconsider, and the Commission affirmed its prior order. This appeal followed.

## II.

■ Mr. Jackson's sole argument on appeal is that Ms. Bertagnolli's statements in her deposition and again at the hearing are either conclusive on the question of prejudice or, at a minimum, shifted the burden to JST to prove it *was* prejudiced by the late notice. He contends specifically that a statement that the notice would have been processed the same way, regardless of whether it was received within 60 days, necessarily means the company was not prejudiced.

■ There is no error in the Commission's ruling. Mr. Jackson held the difficult burden to prove a negative—that is, to prove that his employer was not prejudiced by the untimely notice. *Murray–Donahue v. National Car Rental Licensee Ass'n*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995); *Ansbaugh v. Potlatch Forests, Inc.*, 80 Idaho 515, 523, 334 P.2d 442, 447 (1959). Prejudice is a question of fact. *Dick v. Amalgamated Sugar Co.*, 100 Idaho 742, 745, 605 P.2d 506, 509 (1980). While questions of law in appeals from the Industrial Commission are subject to free review, *Taylor v. Soran Rest., Inc.*, 131 Idaho 525, 527, 960 P.2d 1254, 1256

(1998), questions of fact are subject to review for substantial evidence. *Jensen v. City of Pocatello*, 135 Idaho 406, 412, 18 P.3d 211, 217 (2000).

■ First, Mr. Jackson reads more into Ms. Bertagnolli's statements than is there. She merely said she would not have done anything differently with regard to referring the notice of injury to the insurer and her attorney. The inferences that are necessary to transform Ms. Bertagnolli's statement into the evidence Mr. Jackson needs in order to meet his burden simply do not exist. A statement that Ms. Bertagnolli would have submitted the notice of injury or illness to her insurer and attorney does not, by itself, demonstrate by a preponderance of evidence [1] that JST was not prejudiced by the untimely notice. This alone is a basis on which to affirm the Industrial Commission's order.

Second, equipped only with Ms. Bertagnolli's statements, Mr. Jackson cannot overcome the burden laid out in this Court's precedents. In *Kennedy v. Evergreen Logging Co.*, 97 Idaho 270, 543 P.2d 495 (1975), we rejected an argument that the employer was not prejudiced by untimely notice (266 days after the accident) because the surety "made as complete an investigation of the accident as was possible had notice of the accident and injury been given on the day it occurred," and because the treatment he eventually received was the same as it would have been had the surety been given proper notice. 97 Idaho at 272, 543 P.2d at 497. We wrote that a prompt investigation would have been "useful in determining the nature and extent of the accident, particularly where the claimant had a history of similar problems" and would have enabled the employer and surety to evaluate the relationship between an incident occurring in Idaho and another occurring in Oregon. *Id.* We also noted that there was no testimony to support the claim

that the surgery the claimant eventually received was the only medical remedy for the injury. *Id.* In *Dick v. Amalgamated Sugar Co., supra,* the Court reiterated its rule from *Kennedy* that where a claimant contends the medical treatment would have been the same regardless of timeliness of notice, the claimant has still failed to carry his or her burden. *Dick,* 100 Idaho at 744, 605 P.2d at 508.

In *Taylor v. Soran Restaurant, Inc., supra,* we explained the rationale behind the no-difference rule followed in *Kennedy* and *Dick*. The claimant in *Taylor* did not give written notice within 60 days and her injuries initially went misdiagnosed. 131 Idaho at 526, 960 P.2d at 1256. On appeal from the order denying her benefits, she argued (1) "the only thing [the employer] would have done differently had she [the claimant] given timely notice is perhaps investigate the situation sooner"; and (2) "the lapse of time was not the cause of the delay in accurately diagnosing the herniated disks, and there [was] no support in the record that the accurate reporting could have caused an accurate diagnosis by medical personnel." *Id.* at 528, 960 P.2d at 1257. The Court explained that had Ms. Taylor seen her employer's doctor, the employer would have been in a better position to determine the validity of the subsequent claim for benefits. *Id.* at 529, 960 P.2d at 1258. Moreover, two other restaurant employees who witnessed the accident had since left the restaurant's employ and thus presumably were not available to participate in the investigation. *Id.*

■ The purpose of the notice requirement is to "give the employer or someone on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim." *Taylor,* 131 Idaho at 528, 960 P.2d at 1258. JST contends that had it been informed of the condition sooner, it would have sent Mr. Jackson to a physician to determine

---

1. It appears that we have articulated the preponderance standard only under the former statute, I.C. § 72–405 (repealed 1971 Idaho Sess. Laws ch. 124 sec. 3, p. 422). *See Garren v. J.R. Simplot Co.,* 93 Idaho 458, 460, 463 P.2d 558, 560 (1969) (citing former I.C. § 72–405). Former I.C. § 72–405 also provided that "Want of notice or delay in giving notice shall not be a bar to proceedings under this act if it be shown that the employer, his agent or representative, had knowledge of the accident, or that the employer has not been prejudiced by such delay or want of notice." *See Garren,* 93 Idaho at 460 n. 4, 463 P.2d at 560 n. 4. It is safe to say that the preponderance standard has lived on in the new statute.

the extent of his injuries. According to JST, this is important "because of the progressive nature of the alleged compensable condition, compounded by [Mr. Jackson's] work environment, which, according to [him], was horrible." JST has not explained how the late notice prejudiced it, and we have not been shown that the late notice made any kind of difference. But, while there is no evidence that JST actually *was* prejudiced, JST does not need it. I.C. § 72–704 gives the employer a favorable presumption, and Ms. Bertagnolli's statements cannot be read as an admission or even evidence that the company was not prejudiced. Mr. Jackson had the ability to further develop this issue but failed to show the company was not prejudiced.

### III.

The order of the Industrial Commission is affirmed. No costs, no fees.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.