901 P.2d 511

**Carl BEARDSLEY, Claimant–Appellant,**

v.

**IDAHO FOREST INDUSTRIES, Employer, and Workers Compensation Exchange, Surety, Defendants–Respondents.**

No. 21408.

Supreme Court of Idaho,
Coeur d'Alene, April 1995 Term.

Aug. 25, 1995.

Michael J. Vrable, Hayden, for appellant.

Clements, Brown & McNichols, P.A., Lewiston, for respondents. Dean Wullenwaber, argued.

SILAK, Justice.

This is a worker's compensation case. Carl Beardsley had a physically demanding job as a millwright. When he was diagnosed with two hernias, he filed a worker's compensation complaint claiming his condition resulted from lifting at work. The Industrial Commission denied the claim, holding that Beardsley had not sustained his burden of proving his hernias resulted from a work related accident. We affirm.

## I.

### BACKGROUND AND PROCEDURE

Mr. Beardsley began working for Idaho Forest Industries (IFI) in approximately 1974, and for the last ten to twelve years had been the lead millwright. At a hearing before an Industrial Commission referee, Beardsley described millwrighting as follows:

> In millwrighting you do a lot of rebuilding of equipment and a lot of it is big and bulky. A lot of the things that you do in millwrighting are very—they place you in situations probably where you normally wouldn't be because of the fact that you have to get inside of equipment or you have to lift or you have to pry or you pull, depending upon whatever is necessary to get the specific job done but it entails a lot of different things.

Beardsley noticed a bulge about the size of a dime or quarter in his right side in late 1992. The bulge would increase in size during the work week, but then recede on weekends. He did not immediately report the condition, even though he knew his employer had an immediate reporting policy. Beardsley testified that during the fall of 1992, he worked six days a week, eight hours a day and sometimes longer. Beardsley eventually saw a doctor on January 29, 1993. The doctor diagnosed a hernia and referred him to a surgeon, Dr. Thilo. On February 10, 1993, Dr. Thilo examined Beardsley, and on March 1, 1993, surgically repaired two direct inguinal hernias.

After his doctor diagnosed a hernia, Beardsley filed a worker's compensation form on February 10, 1993, asserting a work-related accident. However, Beardsley acknowledged on the form that he did not know how the alleged accident happened:

> Unknown—Possibly came on over a period of 2 years—Noticed lump and went to doctor. Lump showed up appx Nov/Dec 1992. Do not know when this happened but I did not do it at home.

Beardsley had undergone a physical examination and received a clean bill of health two years before the hernias appeared, and could not remember any specific event where he did something and immediately felt pain or noticed a lump at work.

In a letter to Beardsley's counsel in April 1993, Dr. Thilo wrote:

I feel it is perfectly conceivable that his hernias are work related, secondary to the activities required of a millwright. He had bilateral direct inguinal hernias which are not at all related to a congenital predisposition.

In summary, I feel that his hernias are directly attributable to the activities associated with his employment. . . .

Similarly, Dr. Thilo answered "yes" in response to the following inquiry of the surety:

On a more probable than not basis, is it your opinion that Mr. Beardsley's right inguinal hernia is directly and causally the result of his work while employed at Idaho Forest Industries? Yes X No ___.

However, the Industrial Commission referee concluded Beardsley's non-work activities raised questions about the soundness of Dr. Thilo's conclusion. Evidence at the hearing indicated that during 1991 and 1992 Beardsley engaged in splitting and hauling wood, remodeling activities at his home, including ripping out the bathroom wall board with a chain saw, and other less strenuous physical activities. Nevertheless, Beardsley testified that most of the wood splitting and paneling work was in 1991, and he could not remember doing anything at home during November '92 to January '93 requiring physical exertion.

Beardsley gave conflicting testimony regarding when the onset of the hernias occurred—anywhere from the end of September 1992 to the end of December 1992. After talking with co-workers, Beardsley still could not identify an event at the end of November or beginning of December 1992, such as a particular strain or tearing sensation, which occurred in the course of his employment, after which he discovered a hernia.

The hearing occurred before the referee in December 1993. In April 1994, the referee submitted her findings of fact, conclusions of law, and proposed order to the Commission denying Beardsley's claim, and the Commission entered an order adopting the referee's findings and conclusions.

## II.

## STANDARD OF REVIEW

■ We limit the scope of our review to questions of law and determinations of whether the Industrial Commission's findings of fact are supported by substantial, competent evidence. Idaho Const. Art. V § 9; I.C. § 72–732. We construe the record most favorably to the party who prevailed below. *Roberts v. Kit Manufacturing Co., Inc.,* 124 Idaho 946, 947, 866 P.2d 969, 970 (1993). We do not try the matter anew, nor are we concerned with whether this Court would have reached the same conclusion on the evidence presented. *Pomerinke v. Excel Trucking Transp., Inc.,* 124 Idaho 301, 305, 859 P.2d 337, 341 (1993). If there is conflicting evidence, this Court will not overturn factual findings supported by substantial and competent evidence. *Soto v. Simplot,* 126 Idaho 536, 539, 887 P.2d 1043, 1046 (1994). The determination of whether an injury arose from the course of employment is a question of fact. *Koester v. State Insurance Fund,* 124 Idaho 205, 208, 858 P.2d 744, 747 (1993). A claimant has the burden of proving a probable, not merely a possible, causal connection between the employment and the injury or disease. *Id.*

## III.

## ANALYSIS

### A. TIME AND PLACE OF INDUSTRIAL ACCIDENT

■ Beardsley had the burden of establishing an industrial accident "which can be reasonably located as to time when and place where it occurred, causing an injury." I.C. § 72–102(15)(b). The referee found that Beardsley had not reasonably located the onset of his hernia. Although the evidence is conflicting, there is substantial competent evidence to support the referee's finding.

On the worker's compensation form, Beardsley acknowledged he did not know how or when the alleged accident happened, and that his condition "[p]ossibly came on over a period of two years." Beardsley testified he had a physical exam and received a clean bill of health two years before the hernias appeared, and could not remember any specific event where he did something and immediately felt pain or noticed a lump at work. Further, Beardsley inconsistently recounted the date when the hernias appeared. The referee found that according to Beardsley's various statements, "the onset could have been anywhere from the end of September 1992 to the end of December 1992, a variation of three months." The referee concluded that Beardsley had "not reasonably located the onset of his hernia." On this record, we cannot say that the referee's finding was erroneous.

### B. PROOF OF INDUSTRIAL ACCIDENT

 Beardsley also had the burden of proving that there was a probable causal link between a work related accident and his hernias. *Koester v. State Insurance Fund,* 124 Idaho at 208, 858 P.2d at 747. To qualify as a compensable accident, an unexpected mishap or untoward event must result "in violence to the physical structure of the body." I.C. § 72–102(15)(b), (c). Again, there was conflicting evidence on this point, but the referee concluded that Beardsley had "not met his burden of proving that his hernia was caused by an accident at IFI." We agree.

Beardsley contends Dr. Thilo identified direct inguinal hernias of a recent nature, and that the only medical evidence presented is that the hernias were caused by heavy lifting and activities as a millwright. The lumps would increase while working and reduce in size during the weekend while at home. Dr. Thilo concluded on a more probable than not basis that Beardsley's hernias directly and causally resulted from his work at IFI. However, the referee questioned the soundness of Dr. Thilo's conclusion because "Dr. Thilo did not have the benefit of Claimant's hearing testimony that during 1991 and 1992 he engaged in splitting and hauling wood, remodeling activities of his home and other less strenuous physical activities...." The referee found that neither Beardsley, nor his doctors, nor his fellow employees could identify an event, such as a particular strain, pain or tearing sensation, that occurred in the course of his employment. Upon reviewing the record, we are left with the same conclusion.

Beardsley contends the referee, who found Beardsley to be honest, erred by not accepting his unrefuted testimony that he did not injure himself at home, and that his activities at home were not anywhere near as strenuous as those at work. Under the law, Beardsley must establish "an accident arising out of and in the course of [his] employment...." I.C. § 72–102(15)(a). No such accident has been demonstrated. Beardsley also contends the referee committed an error of law by employing a new standard which requires injured workers to either lie or have witnesses to establish the accident with specificity, contrary to established case law. We disagree. The referee and the Commission applied the correct standard under the statutes and precedents requiring proof of an accident. We will not abrogate from the worker's compensation scheme the legislative requirement of an "accident" through judicial construction.

### IV.

### CONCLUSION

We conclude that the referee's finding that Beardsley failed to meet his burden of proving an accident which caused his hernias is supported by substantial competent evidence. Accordingly, the Commission's order of April 29, 1994 denying Beardsley's claim is affirmed.

Costs on appeal to respondents.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.