939 P.2d 1375

**Carol HART, Claimant–Appellant,**

v.

**KAMAN BEARING & SUPPLY, Employer and Travelers Insurance Company, Surety, Defendants–Respondents.**

No. 23106.

Supreme Court of Idaho, Twin Falls, March 1997 Term.

May 28, 1997.

Stanley G. Cole Law Office, Rupert, for claimant–appellant. Stanley G. Cole argued.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for defendants–respondents. Glenna M. Christensen argued.

SCHROEDER, Justice.

This is an appeal from an Industrial Commission (Commission) decision denying worker's compensation benefits to Carol Hart (Hart) for a spinal injury she maintains was caused by an accident in July of 1989. The Commission determined that Hart had failed to meet her burden of proving to a reasonable degree of medical probability that the injury for which benefits were claimed was causally related to her on-the-job accident.

## I.

### BACKGROUND & PRIOR PROCEEDINGS

On June 11, 1989, Hart sustained a back and neck injury while moving heavy crates for her employer, Kaman Bearing Supply (Employer). Hart complained to her supervisor about her discomfort and was referred to a chiropractor, Dr. Larry Herem. Hart was treated by Dr. Herem from July 13, 1989, through July 31, 1989. Her predominant complaint was pain in her left arm, but she also complained of soreness in her upper

and lower back. Dr. Herem diagnosed her as having "brachial syndrome" described as an impingement of the nerves in the neck and brachial nerves causing pain and muscle spasms into the arm and neck. Dr. Herem treated her eight (8) times by manipulation of the thoracic and cervical vertebrae and hips. On the last day of treatment his records indicate Hart reported to him that she was pain free. Employer's surety paid Dr. Herem's bills totalling $448.

Hart's employment was terminated by Employer on August 25, 1989.

Hart testified before the Referee that following her job-related accident she had pain in her neck and numbness down the bottom part of her left arm which never relented, and if anything, became progressively worse. Hart testified that by early spring of 1990 she began to experience numbness in her right leg which would cause her to stumble when she was walking. She also developed a numb sensation from the chest down and developed bowel and bladder control problems.

On April 2, 1990, Hart consulted with Dr. Steven Weber, D.O., complaining of pain in her neck and back, and difficulty with kidney/bladder functions. On June 11, 1990, Hart consulted with Dr. Kenneth Turner, a chiropractor, complaining of pain in her back and neck and numbness in her left arm and legs. Dr. Turner did not record a history as to the onset of Hart's condition. Hart had seen Dr. Turner previously in April of 1982 when he treated her for pain in the right dorsal and cervical area, headaches, chest pain, low back pain on the left side and difficulties with her left leg. During the 1990 treatment, Turner attended to Hart's dorsal and lumbar spine with adjustment and diathermy, but he determined that she was not improving and in fact had developed numbness in her right leg. Dr. Turner referred Hart to a neurologist who was unavailable. Hart contacted Dr. Narasimhan who referred her to Dr. Robert Burton, an orthopedic surgeon. Dr. Burton saw Hart on June 25,

1990. She complained of pounding headaches and a dead numb sensation in her anterior torso and back. Dr. Burton determined that Hart suffered from myelopathy[1] consisting of three features: (1) a small canal from C4 to C6 existing from the time of birth, (2) a broad based disc at C6–7 which had flattened out the fluid between the discs and was pressing on the spinal cord at C7, and (3) a small focal disc herniation at C5–6. Dr. Burton did not focus on taking a history from Hart, but Hart did report two incidents which may have brought on symptoms. The first was in the later part of 1989 when she jerked her neck while riding a horse and experienced continuing problems. The other incident occurred during EMT training in early 1990 when she developed numbness in the fourth and fifth digits of her left hand after lifting a gurney. Dr. Burton determined that Hart's condition required immediate surgery. He hospitalized her on June 29, 1990, and arranged for Dr. Patrick Cindrich, a neurosurgeon, to perform surgery on her for disc herniations at C5–6 and C6–7.

Hart filed a Notice of Injury and Claim for Benefits with the Commission on December 30, 1993. The Employer denied liability for treatment received by Hart after July 31, 1989. A hearing was conducted pursuant to I.C. § 72–506 before a Referee.

The Referee found that Hart did suffer a job-related accident in July 1989, from which she sustained injury related to cervical brachial syndrome and strain of the neck, thoracic and lumber spine. The Referee determined that the treatment rendered by Dr. Herem during the month of July 1989, was related to Hart's on-the-job accident, but that those injuries had stabilized. The Referee found that Hart had not proven that the myelopathy was causally related to the work-related accident in July 1989, and; therefore, she was not entitled to worker's compensation benefits related to the condition of myelopathy. The Commission concurred with the Referee's findings and conclusions. Hart appealed.

---

1. In deposition, Dr. Burton explained this diagnosis as follows:
 "She had a myelitis or myelopathy. 'Myelo' means spinal cord. And 'itis' means inflammation of, or 'opathy' means pathology of the spinal cord."

## II.

### STANDARD OF REVIEW

 This Court limits the scope of its review to questions of law and determinations of whether the Commission's findings of fact are supported by substantial, competent evidence. Idaho Const. art. V, § 9; I.C. § 72–732; *Beardsley v. Idaho Forest Indus.*, 127 Idaho 404, 406, 901 P.2d 511–513 (1995). This Court construes the record most favorably to the party prevailing below, *Id.*, (citing *Roberts v. Kit Mfg. Co., Inc.*, 124 Idaho 946, 947, 866 P.2d 969, 970 (1993)), and does not try the matter anew. *Id.*, (citing *Pomerinke v. Excel Trucking Transp., Inc.*, 124 Idaho 301, 305, 859 P.2d 337, 341 (1993)). The determination of whether an injury arose from the course of employment is a question of fact. *Id.*, (citing *Koester v. State Ins. Fund*, 124 Idaho 205, 208, 858 P.2d 744, 747 (1993)). If there is conflicting evidence, this Court will not overturn factual findings supported by substantial and competent evidence. *Id.*, (citing *Soto v. Simplot*, 126 Idaho 536, 539, 887 P.2d 1043, 1046 (1994)).

 The claimant carries the burden of proof that to a reasonable degree of medical probability the injury for which benefits are claimed is causally related to an accident occurring in the course of employment. *Buffington v. Potlatch Corp.*, 125 Idaho 837, 839, 875 P.2d 934, 936 (1994). Proof of a possible causal link is insufficient to satisfy the burden. *Beardsley v. Idaho Forest Indus.*, 127 Idaho at 406, 901 P.2d at 513; *Roberts v. Kit Mfg. Co.*, 124 Idaho at 947, 866 P.2d at 970. The issue of causation must be proved by expert medical testimony. *Langley v. State, Indus. Special Indem. Fund*, 126 Idaho 781, 890 P.2d 732 (1995); *Soto v. Simplot*, 126 Idaho at 540, 887 P.2d at 1047.

## III.

### THE COMMISSION'S DECISION IS SUPPORTED BY SUBSTANTIAL, COMPETENT EVIDENCE.

 Hart testified that she was in unrelenting pain between July 1989, the time of the work related injury, and June 1990, when the surgery occurred. However, Dr. Burton testified that it was "[n]ot likely" that Hart could have functioned for eleven months in between July 1989 and June 1990 if the 1989 accident had caused her myelopathy and that 'it was "unlikely for a spinal cord syndrome to occur related to something eleven months earlier." Dr. Burton indicated that myelopathy secondary to disc disease does not evolve slowly but occurs suddenly when the disc problem develops.

Dr. Turner and Dr. Herem gave conflicting opinions to that of Dr. Burton, indicating that the treatment Hart received from Dr. Burton and Dr. Cindrich was related to the injury that occurred at work.

The Commission, and not the Supreme Court, evaluates the credibility of expert witnesses, *Reiher v. American Fine Foods*, 126 Idaho 58, 59, 878 P.2d 757, 758 (1994), and the weight of evidence. *Nelson v. David L. Hill Logging*, 124 Idaho 855, 858, 865 P.2d 946, 949 (1993). The Commission accepted Dr. Burton's opinion. There is substantial, competent evidence to support the Commission's decision denying further benefits.

## IV.

### CONCLUSION

The decision of the Commission is affirmed.

Employer is awarded costs on appeal.

TROUT, C.J., and JOHNSON, McDEVITT and SILAK, JJ., concur.