960 P.2d 1254

Sara C. TAYLOR, Claimant–Appellant,

v.

SORAN RESTAURANT, INC., Employer, and Idaho State Insurance Fund, Surety, Defendants–Respondents.

No. 23548.

Supreme Court of Idaho, Boise, February 1998 Term.

June 19, 1998.

DeHaan & Associates, Twin Falls, for appellant. Harry C. DeHaan argued.

Britan D. Groom, Twin Falls, for respondents.

SCHROEDER, Justice.

This is an appeal from an Industrial Commission (Commission) decision denying the claim of Sara Taylor (Taylor) for worker's compensation after finding that she had not given the requisite sixty-day notice to her employer of her alleged injuries, as required by section 72–701 of the Idaho Code (I.C.). The Commission ruled that the lack of proper notice resulted in prejudice to Soran Restaurant, Inc. (Soran or employer) and that, therefore, Taylor's claim is barred. The Commission also concluded that Taylor had failed to meet her burden of proving that her alleged condition was caused by her work-related accidents.

## I.

### BACKGROUND & PRIOR PROCEEDINGS

Taylor was employed by Soran as a professional cook and was in charge of operations in Soran's bakery department between 1991 and September 1995. In late December 1994, while at work, a box of tart shells fell from a shelf and struck Taylor on the head, almost knocking her to her knees. Subsequently, Taylor experienced pain after picking up a 75–pound bowl of dough in mid-January 1995.

On April 19, 1995, Taylor went to see her family doctor, Dr. Martens. She did not tell Dr. Martens about the accidents at that time. Dr. Martens noted a gradual onset of right shoulder pain in late December 1994 and early January 1995. He diagnosed Taylor's condition as right trapezius strain due to repetitive motion related to rolling dough. He recommended physical therapy for Taylor, and when the therapy did not relieve the pain, he referred her to Dr. Murray, an orthopedist. On August 4, 1995, Dr. Murray suspected Taylor's problems might be caused by a herniated cervical disk and ordered a MRI scan. Based on the results of the MRI, Dr. Murray referred Taylor to a neurologist, Dr. Mitgang. Dr. Mitgang told Taylor she had three bulging disks in her neck and recommended traction-type therapy.

Taylor did not give written notification to her employer of the two accidents which occurred in December 1994 and mid-January 1995 until October 1995, when she filed two notice of injury and claim for benefits forms.[1] On October 11, 1995, Taylor filed a claim for worker's compensation. Soran and its surety, Idaho State Insurance Fund, filed an answer denying that the two accidents occurred and that Taylor's condition was caused by any work-related accidents. Soran and its surety also claimed that any alleged injuries were caused by a pre-existing condition and that Taylor had not given timely notice of her injuries.

A hearing was held on June 13, 1996, before an Industrial Commission referee. The referee concluded that Taylor's claim was barred by I.C. §§ 72–701 and 72–704, requiring timely notice of an injury and claim

---

1. The record is unclear as to exactly when Taylor first gave written notice to her employer, but it is undisputed that she did not give notice within sixty days following the injuries as required by I.C. § 72–701.

    Taylor filed two Notice of Injury and Claim for Benefits forms on October 13, 1995, which specifically referred to the alleged accidents which occurred in December 1994 and mid-January 1995. However, Taylor and Soran both testified at the hearing before the referee that the first written notification Taylor gave to Soran of her December 1994 and January 1995 accidents was on April 19, 1995, when Taylor completed and delivered a Notice of Injury form dated April 19, 1995. This testimony is confusing because the April 19, 1995 Notice of Injury form refers to a "right shoulder" injury caused by repetitive motion with a rolling pin, not a head injury from a fallen box of tart shells or an injury from lifting a heavy bowl. The referee concluded that Taylor did not give written notice of her injuries until October 1995.

for compensation. The referee found that Taylor had not given the employer notice of her injuries within the requisite sixty days following the alleged injuries and that the employer had been prejudiced by the delayed notice. The referee also found that Taylor had not met her burden of proving that her alleged injuries were caused by the accidents at work. The Commission concurred with the referee's findings and conclusions. Taylor appealed, arguing that her claim is not barred by I.C. §§ 72–701 and 72–704 and that the referee erred by deciding the causation issue, which was not properly noticed for hearing.

## II.

### STANDARD OF REVIEW

■ The Industrial Commission's conclusions of law are freely reviewable by this Court. *Smith v. J.B. Parson Co.*, 127 Idaho 937, 941, 908 P.2d 1244, 1248 (1996). This Court will uphold the factual findings of the Commission if they are supported by substantial and competent evidence in the record. I.C. § 72–732; *Hart v. Kaman Bearing & Supply*, 130 Idaho 296, 299, 939 P.2d 1375, 1378 (1997); *Smith*, 127 Idaho at 941, 908 P.2d at 1248. "Evidence is 'substantial and competent' if a reasonable mind might accept such evidence as adequate and sufficient to support a conclusion. In reviewing a decision from the Commission, all facts and inferences are viewed in the light most favorable to the party who prevailed before the Commission." *Smith*, 127 Idaho at 941, 908 P.2d at 1248 (citations omitted). Whether actual notice was given to the employer and whether the employer was prejudiced by the delay in notice are questions of fact. *See Dick v. Amalgamated Sugar Co.*, 100 Idaho 742, 745, 605 P.2d 506, 509 (1979).

## III.

### TAYLOR'S CLAIM IS BARRED UNDER I.C. §§ 72–701 AND 72–704.

Under Idaho's worker's compensation law, an employee injured on the job must give her employer written notice of her injuries "as soon as practicable but not later than sixty (60) days" following the accident, otherwise the employee will be barred from pursuing a claim for worker's compensation. I.C. §§ 72–701—702. An injured employee who does not give written notice or who gives written notice after expiration of the sixty-day time period may still be able to pursue a claim for worker's compensation if the employee can prove that "the employer, his agent or representative had knowledge of the injury . . . or that the employer has not been prejudiced by such delay or want of notice." I.C. § 72–704. Thus, whether Taylor's claim is barred by I.C. §§ 72–701 and 72–704 depends on whether (a) she gave her employer written notice within sixty days following her alleged injuries, and if she did not, (b) whether the employer had actual knowledge of her injuries within the sixty-day time frame, despite lack of written notice, or (c) whether the employer was prejudiced by the delay or want of notice. The Commission concluded that Taylor had failed to provide timely notice of her alleged injuries and that the delayed notice resulted in prejudice to the employer. The Commission's determinations are supported by substantial, competent evidence. Therefore, Taylor's claim is barred.

### A. Lack of timely notice

Taylor admits that she did not give written notice of her injuries to her employer until "between 73 days and 80 days after the second accident." Accordingly, written notice was not timely under I.C. § 72–701.

■ Although section 72–702 requires that notice of an employee's injuries be made in writing, "[o]ral notice to the employer may provide the employer with actual knowledge of an injury, thus obviating the necessity of a written notice." *Murray–Donahue v. National Car Rental Licensee Ass'n*, 127 Idaho 337, 340, 900 P.2d 1348, 1351 (1995). Oral notice must be made within the statutory time for giving notice. *Stoddard v. Mason's Blue Link Stores*, 55 Idaho 609, 45 P.2d 597 (1935). Taylor bears the burden of proving that she gave oral notice of her injuries to her employer, or, in other words, that her employer had actual knowledge of her injuries despite lack of written notice. *Wilson v.*

*Standard Oil Co.,* 47 Idaho 208, 273 P. 758 (1929).

Taylor testified that the first time she could specifically remember telling Soran about the accidents which occurred in December 1994 and January 1995 was in September 1995. Other than her alleged conversation with Soran in September 1995, Taylor was unable to say with any confidence that she in fact told her employer about her accidents immediately after they occurred or "as soon as practicable but not later than sixty (60) days" thereafter. When asked whether she told anyone about the box of tart shells hitting her on the head, Taylor responded, "No." When asked whether she told Soran that she was working in pain, Taylor responded, "Possibly—I guess it's a really hard call because it's been so long ago." Taylor did not produce evidence that her employer had actual knowledge of her injuries despite lack of written notice. She was specifically asked the following question and gave the following answer:

Q. Okay. Did you specifically during the period of time tell anybody in management specifically that there was an accident or an occurrence which caused that pain?

A. I don't know. I don't know.

While Taylor complained generally of pain, there is no evidence that her employer had actual knowledge of injuries from a work-related accident. This case is unlike *Murray–Donahue* in which the Court remanded the case to the Commission for an express finding as to whether the employer had knowledge of the injury. *See Murray–Donahue,* 127 Idaho at 340–41, 900 P.2d at 1351. There was evidence of oral notification to the employer of the injury and cause within two weeks of the accident in *Murray–Donahue. Id.* at 340, 900 P.2d at 1351. A specific finding on actual knowledge was required by the evidence. However, in this case there is no evidence that the employer had actual knowledge of a work-related injury within the statutory time for giving notice.

■ Taylor also claims that because she was the supervisor at the place of employment where the accidents occurred, notice was given to her employer when she gave notice to herself (as an agent of her employer). This logic conflicts with the policy reasons behind the statutory requirement that employees must give their employers notice of their work-related injuries. "The requirement that notice of an accident be given to an employer 'is to give the employer or someone on his behalf timely opportunity to make an investigation of the accident and surrounding circumstances to avoid payment of an unjust claim.'" *Findley v. Flanigan,* 84 Idaho 473, 483, 373 P.2d 551, 558 (1962) (quoting *Long v. Brown,* 64 Idaho 39, 128 P.2d 754 (1942)). Taylor would not be the appropriate person to investigate whether her own claim was unjust.

## B. Prejudice to the employer

■ "The burden of proof is on a claimant who has not given notice of the accident to show that no prejudice resulted to the employer on account of such want of giving notice." *Murray–Donahue,* 127 Idaho at 340, 900 P.2d at 1351 (citing *Ansbaugh v. Potlatch Forests, Inc.,* 80 Idaho 515, 523, 334 P.2d 442, 447 (1959)).

■ Taylor argues that the only thing Soran would have done differently had she given timely notice is perhaps investigate the situation sooner. She also argues that the late notice did not prejudice Soran, because the lapse of time was not the cause of the delay in accurately diagnosing the herniated disks, and there is no support in the record that accurate reporting could have caused an accurate diagnosis by medical personnel.

This rationale was previously rejected by this Court in *Dick v. Amalgamated Sugar Co.* In *Dick,* the Court stated:

Moreover, this Court has held that where the claimant contends that the medical treatment which he received would have been the same had timely notice been given, that the claimant has failed to carry his burden of showing no prejudice.

100 Idaho at 744, 605 P.2d at 508 (citing *Kennedy v. Evergreen Logging Co.,* 97 Idaho 270, 272, 543 P.2d 495, 497 (1975)). Since Taylor's only argument regarding prejudice has been expressly rejected by this Court,

she has failed to meet her burden of proving lack of prejudice.

On the other hand there is sufficient evidence in the record to support the Commission's finding that Soran was prejudiced by the delay in notice. When asked what Taylor would have done differently had she filed a report of her injuries on the date they occurred, Taylor replied that she probably would have gone to see the employer's doctor rather than her own. Had the employer's doctor been able to examine Taylor immediately after the accidents, the employer would have been in a better position to determine whether Taylor's subsequent claim for compensation was valid. Furthermore, two other Soran employees who were present at the time of the accidents and who may have had some information to report were no longer working for Soran at the time Taylor finally reported the accidents. Therefore, Soran was unable to interview any witnesses to the accidents or make any investigation of the accidents to determine the validity of Taylor's claim.

In discussing the issue of prejudice, this Court in *Dick* made the following observations:

> [T]he record indicates that [the employer] did not learn that Dick was claiming a work-related accident until some time after June 7, approximately four months after the date of the accident. Prior to that time Dick had not filed an accident report with his employer, even though Dick's position as warehouse foreman required him to participate in and become familiar with the plant's safety program, including its policy of reporting every accident regardless of how minor it might be.

*Id.* This Court in *Dick* affirmed the Commission's finding that Dick's four-month delay in giving notice resulted in prejudice to his employer. *Id.* at 745, 605 P.2d at 509.

Similar to the employee in *Dick*, Taylor, as the referee noted, was on Soran's safety committee and was aware of the necessity of reporting accidents and the reason for doing so. There is substantial, competent evidence to support the Commission's finding of prejudice.

## IV.

## IT IS UNNECESSARY TO DECIDE IF THE COMMISSION ERRED BY DECIDING THE ISSUE OF CAUSATION.

Taylor argues that the question of causation was not properly noticed for hearing and, therefore, the referee should not have decided the issue of causation. In view of the Court's decision concerning the lack of proper notice and prejudice to the employer, it is unnecessary to decide whether the Commission erred by deciding the issue of causation.

## V.

## CONCLUSION

The decision of the Commission denying benefits is affirmed. The employer is allowed costs.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.