# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 32526

JOHN C. WICHTERMAN,                                          )
                                                             ) **Boise, January 2007 Term**
    Claimant-Appellant,                  )
                                                             ) **2007 Opinion No. 37**
v.                                                           )
                                                             ) **Filed:  February 23, 2007**
J. H. KELLY, INC., Employer, and                             )
RELIANCE NATIONAL INDEMNITY                                  ) **Stephen W. Kenyon, Clerk**
COMPANY, Surety,                                             )
                                                             )
    Defendants-Respondents.              )

Appeal from the Industrial Commission of the State of Idaho.

The decision of the Industrial Commission is <u>affirmed</u>.

John C. Wichterman, Deer Park, Washington, appellant *pro se*.

Moore & Baskin, LLP, Boise, for respondents.

---

SCHROEDER, Chief Justice.

John Wichterman appeals from the Industrial Commission's denial of his worker's compensation claim arising out of two incidents of exposure to hazardous substances in 1998.

## I.
## FACT SUMMARY

Wichterman, a journeyman pipe fitter, was employed by J.H. Kelly, Inc. (Employer) on a project at a facility owned by Potlatch Corporation in Lewiston, Idaho.  On September 17, 1998, he inhaled fumes emanating from a pipe he had been directed to cut.  Five days later, while unbolting a flange on a 16-inch pipe, Wichterman was sprayed with a black liquid, some of which he may have swallowed.

Wichterman alleges that he suffered respiratory and gastrointestinal injuries as a result of the exposures.  He has complained at various times of symptoms including coughing or difficulty

breathing, stomach aches, and headaches. He continued to work until October 13, 1998, after which he claims he was no longer able to work. He has not worked at any time since then.

Wichterman filed a notice of accident and claim for compensation with the Employer which accepted the claim and voluntarily began paying medical and income benefits, including a 5% permanent partial impairment rating. By April of 2002 Employer had discontinued the payments for income benefits but continued to provide medical benefits. Payments for medical benefits ceased on August 18, 2004, after an independent medical examination (IME) indicated that any remaining impairments were not causally related to the accidents.

Wichterman filed a *pro se* complaint with the Industrial Commission on December 26, 2002, seeking both medical and income benefits. On the advice of a Washington attorney he filed his worker's compensation claim in Washington rather than in Idaho and agreed to dismissal of the Idaho claim without prejudice. The Washington claim apparently was unsuccessful, and on October 20, 2003, Wichterman filed two additional complaints with the Idaho Industrial Commission. The matter was heard by a referee who found that the claim for income benefits was time barred under I.C. § 72-706 and that Wichterman failed to meet his burden of proving that he continued to suffer an impairment as a result of the accidents. The Industrial Commission adopted the referee's recommendations and dismissed the claims and denied a motion for reconsideration.

**II.**
**STANDARD OF REVIEW**

The Industrial Commission's legal conclusions are freely reviewable by this Court; however, its factual findings will not be disturbed on appeal so long as they are supported by substantial and competent evidence. Idaho Const. art. V, § 9; I.C. § 72-732; *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho, 56, 57, 137 P.3d 443, 444 (2006). The Court construes the record most favorably to the party prevailing below, and does not try the matter anew. *Hart v. Kaman Bearing & Supply*, 130 Idaho 296, 299, 939 P.2d 1375, 1378 (1997).

**III.**
**THE CLAIM FOR IMPAIRMENT AND DISABILITY BENEFITS WAS**
**TIME BARRED UNDER I.C. § 72-706**

Idaho Code § 72-706 limits the time within which a worker's compensation claimant may request a hearing on a claim previously made, providing in relevant part:

72-706.  Limitation on time on application for hearing.

. . . .

(2)  When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the commission an application requesting a hearing for further compensation and award.

(3)  When income benefits discontinued. If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the commission an application requesting a hearing for additional income benefits.

. . . .

(6)  Relief barred. In the event an application is not made and filed as in this section provided, relief on any such claim shall be forever barred.

The accidents occurred in September 1998.  The last payment other than for medical benefits was made no later than April 2002, less than four years after the accidents.  Because payments had been made and then discontinued within four years after the accident, the claim was subject to the five year limitation under subsection (2).

Wichterman's "complaints" constituted "application[s] requesting a hearing" for purposes of I.C. § 72-706.  Idaho Indus. Comm'n, Judicial Rules of Practice and Procedure under the Idaho Worker's Compensation Law, Rule 3(A) (1999) (J.R.P).[1]  The first complaint, filed on December 26, 2002, was filed within the five-year period.  However, on February 14, 2003, the parties stipulated to a dismissal without prejudice so that Wichterman could pursue his claim in Washington, resulting in an order dismissing the complaint on February 24.  The record reflects no further filings with the Industrial Commission until Wichterman reopened his case on October 20, 2003.  He filed two separate complaints at that time which do not differ materially from each other or from the earlier complaint.  One is dated September 22, 2003, and the other is dated October 14, 2003, but both documents bear stamps indicating that they were received by the Industrial Commission on October 20, 2003.  "Filing" means actual receipt by the Commission, as shown by the Commission's date stamp.  The Commission found that an "application requesting a hearing" as required by I.C. § 72-706(2) was not filed until October 20, 2003, whereas the five year limitations period expired a month earlier in September 2003.  The date-

---

[1] The rules were amended effective January 1, 2004—after the complaints were filed but before the hearing was held.  The changes were not material to this case except as noted.

stamped documents in the record support this finding. The Commission correctly determined that Wichterman's claims were time barred as to any claims other than for medical benefits.

## IV.
## THE INDUSTRIAL COMMISSION'S FINDING THAT WICHTERMAN FAILED TO MEET HIS BURDEN OF PROVING CAUSATION WAS SUPPORTED BY SUBSTANTIAL AND COMPETENT EVIDENCE

Wichterman alleges that he continues to require medical attention for adverse respiratory and gastrointestinal health effects caused by the exposures. Employer voluntarily paid medical expenses until August 18, 2004, when it determined that Wichterman had "reached a point of maximum medical improvement" and that "any need for medical care at this point is not related to [the accidents]."

"The claimant carries the burden of proof that to a reasonable degree of medical probability the injury for which benefits are claimed is causally related to an accident occurring in the course of employment." *Hart*, 130 Idaho at 299, 939 P.2d at 1378. The issue of causation must be proved by expert medical testimony, *id.*, although the Industrial Commission as the finder of fact may consider other evidence as well, including evidence regarding credibility. *Soto v. Simplot*, 126 Idaho 536, 539-40, 887 P.2d 1043, 1046-47 (1994).

The referee found that Employer had fulfilled its obligation to provide medical care following the exposure and for an extended period thereafter, even during periods when it justifiably could have terminated benefits due to Wichterman's refusal to attend an IME. Concerning ongoing respiratory and gastrointestinal complaints, the referee found that Wichterman had failed to meet his burden, noting that he had presented "*no* medical evidence in support of his claim" and that the small amount of medical evidence favorable to the claim placed in evidence by Employer was "completely eclipsed by the overwhelming weight of the other credible medical evidence." The referee continued:

> None of claimant's treating physicians, including his family practice physicians and four pulmonary specialists, have ultimately been able to conclude that claimant's pulmonary complaints have any connection to his occupational exposure. Neither have the two IME physicians that examined and evaluated claimant. While initially his treating physicians believed claimant and did their utmost to identify and treat his symptoms, eventually they all came to the same conclusion—that there was no objective evidence of injury or impairment that would account for claimant's subjective complaints.
>
> Similarly, none of the physicians who treated claimant for his gastrointestinal complaints were able to identify any pathology that would

4

account for his symptoms. While he was diagnosed with GERD [acid reflux disease] and esophagitis, no physician was able to connect these conditions in any way to his occupational exposure.

The referee found that Wichterman was not credible.

The referee's finding which was adopted by the Commission that Wichterman failed to meet his burden of proving causation is supported by substantial and competent evidence.

## V.
## WICHTERMAN HAS FAILED TO DEMONSTRATE ANY OTHER PREJUDICIAL ERROR

### A. Refusal to admit evidence.

The referee refused to admit exhibit evidence offered by Wichterman because he had failed to disclose the exhibits to the opposing party prior to the hearing as required by J.R.P. 10(C) (2004). Wichterman has not supported this assignment of error with argument or authority, *Langley v. State, Indus. Special Indem. Fund*, 126 Idaho 781, 784, 890 P.2d 732, 735 (1995), and it will not be considered.

### B. Striking brief.

The parties elected to submit post-hearing briefs. Wichterman's brief was mailed on the due date but was not received by the Industrial Commission until two days later, and was therefore untimely under the Industrial Commission's rules. J.R.P. 1(B)(1), 11(a) (2004). The referee granted Employer's motion to strike the brief. Wichterman has not presented argument or authority to support an assignment of error.

## VI.
## ATTORNEY FEES

Employer requests attorney fees on appeal pursuant to I.A.R. 11.1, which directs the Court to award expenses, including attorney fees, incurred because of an appeal not reasonably grounded in fact or law and filed for an improper purpose. *Shriner v. Rausch*, 141 Idaho 228, 232, 108 P.3d 375, 379 (2005). There is no reasonable basis for the appeal. Additionally there are documents attached to Wichterman's brief which appear to be altered without justifiable explanation beyond Wichterman's denial in his reply brief that he altered them. The appeal was not grounded in any reasonable basis in fact or law and it appears that Wichterman has engaged in wrongful conduct. The Employer is awarded attorney fees and expenses under I.A.R. 11.1

5

## VII.
## CONCLUSION

The decision of the Industrial Commission is affirmed. Employer is awarded costs and attorney fees.


Justices TROUT, EISMANN, BURDICK and JONES **CONCUR**.

6