**IN THE SUPREME COURT OF THE STATE OF IDAHO**
Docket No. 35878

| | | | |
|---|---|---|---|
| **EDWARD L. NELSON,** | ) | | |
| | ) | | |
| **Claimant-Appellant,** | ) | **Boise, January 2010 Term** | |
| | ) | | |
| **v.** | ) | **2010 Opinion No. 49** | |
| | ) | | |
| **CITY OF BONNERS FERRY, IDAHO STATE INSURANCE FUND,** | ) | **Filed: April 29, 2010** | |
| | ) | | |
| | ) | **Stephen W. Kenyon, Clerk** | |
| **Defendants-Respondents.** | ) | | |
| | ) | | |

Appeal from the Industrial Commission.

Industrial Commission ruling, <u>remanded</u> for further proceedings.

Elsaesser, Jarzabek, Anderson, Marks & Elliott, Chtd., Coeur d'Alene, for appellant. James S. MacDonald, Jr. argued.

David R. Skinner, Boise, argued for respondent.

---

BURDICK, Justice

Edward L. Nelson (Nelson) appeals from the Order of the Idaho Industrial Commission (Commission) denying his motion to reconsider the Commission's August 12, 2008, Order. The Commission determined that Nelson's Worker's Compensation Complaint (Complaint) for income benefits was not timely filed. Respondents are the City of Bonners Ferry, Employer, and the Idaho State Insurance Fund, Surety. Nelson appeals on the grounds that: (1) the Commission misconstrued I.C. § 72-701 *et seq.*, when it determined that his Complaint was not timely filed, as well as when it determined that Respondents had not waived their rights to assert affirmative defenses; (2) the Commission violated Nelson's constitutional due process rights when it adopted the Findings of Fact, Conclusions of Law, and Recommendation (Draft Findings of Fact) proposed by the referee before Nelson and Respondents had submitted briefs on the matter; and (3) the Commission's finding that Respondents did not manipulate the timing of making income benefit payments was not supported by substantial and competent evidence. Because this Court

1

finds that the Commission erred in determining that Nelson's Complaint was not timely filed, we need not address the other issues.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Nelson was injured during the course of his employment with the City of Bonners Ferry on October 13, 2000. Nelson gave notice of the accident, and received income benefits during the following time periods:

(1) August 15, 2001, through September 20, 2001, TTD/TPD;

(2) May 1, 2002, through December 31, 2002, PPI;

(3) February 2, 2003, through October 3, 2003, PPI;

(4) October 8, 2003, through October 20, 2003, TTD/TPD;

(5) December 2, 2004, through December 31, 2004, PPI;

(6) January 1, 2005, through April 30, 2005, PPI;

(7) April 11, 2005, through December 31, 2005, TTD/TPD;

(8) January 1, 2006, through March 13, 2006, TTD/TPD;

(9) February 1, 2006, through June 5, 2006, PPI.

The PPI payment ending on June 5, 2006, was marked "final" on the Breakdown of Benefits provided by the Idaho State Insurance Fund. On August 23, 2006, Nelson filed his Complaint with the Commission.

On February 4, 2008, Nelson informed the Commission that the parties had agreed to submit the matter pursuant to a Stipulation of Facts and that the hearing on his Complaint, scheduled for February 6, 2008, should be vacated. Thereafter, the parties submitted the Stipulation of Facts on February 7, 2008. On February 27, 2008, a referee for the Commission drafted and signed the Draft Findings of Fact. Nelson's brief with the Commission was filed on March 24, 2008, and Respondents submitted their reply brief on May 19, 2008.

On August 12, 2008, the Commission entered its Findings of Fact, Conclusions of Law, and Recommendation (Findings of Fact), and Order. On August 26, 2008, Nelson moved the Commission for reconsideration of its Order, and, on October 21, 2008, the Commission entered an Order denying Nelson's motion. Nelson timely appealed.

# II. ANALYSIS

## A. Standard of review

The Commission's legal conclusions are freely reviewable by this Court; however, we will not disturb its factual findings so long as they are supported by substantial and competent evidence. *Wichterman v. J.H. Kelly, Inc.*, 144 Idaho 138, 140, 158 P.3d 301, 303 (2007). In addition, "this Court will construe liberally the workers' compensation law in favor of the claimant. The humane purposes, which the law serves, leave no room for a narrow, technical construction." *Mulder v. Liberty Nw. Ins. Co.*, 135 Idaho 52, 57, 14 P.3d 372, 377 (2000). Issues of statutory interpretation begin with an examination of the literal language of the statute. *Callies v. O'Neal*, 147 Idaho 841, 847, 216 P.3d 130, 136 (2009). "If the statutory language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *Id.*

## B. Was Nelson's Complaint for income benefits timely filed?

Nelson argues that the Commission misconstrued I.C. § 72-701 *et seq.*, in particular I.C. § 72-706, when it determined that Nelson's Complaint for income benefits was not timely filed. Nelson contends that he was paid income benefits from August 15, 2001, until June 5, 2006, and, therefore, the filing of the Complaint on August 23, 2006, was well within one year from the date of the last payment of income benefits. Respondents counter that the Commission properly construed I.C. § 72-706(3) in denying Nelson's claim because, on the fourth anniversary of Nelson's accident, October 13, 2004, Nelson was not receiving income benefits, and thus he had one year from that date to file a complaint with the Commission.

Idaho Code § 72-706 limits the time within which a worker's compensation claimant may request a hearing on a claim previously made. *Wichterman*, 144 Idaho at 140, 158 P.3d at 303. When initially enacted in 1971, the statute provided as follows:

> (1) When no compensation paid. When a claim for compensation has been made and no compensation has been paid thereon, the claimant, unless misled to his prejudice by the employer or surety, shall have one (1) year from the date of making claim within which to make and file with the commission an application requesting a hearing and an award under such claim.
>
> (2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing injury or date of first manifestation of an occupational disease, within which to make and file with the commission an application requesting a hearing for further compensation and award.

3

S.L. 1971, ch. 124, § 3, p. 476.

Under the original statute, if payments of compensation were made and then discontinued, a claimant had five years from the date of the accident or first manifestation of the occupational disease within which to request a hearing for further compensation and award. If the discontinuance occurred after that five-year date, the claimant would be barred from seeking any further compensation and award.

In 1978, the legislature amended the statute to extend the statute of limitations if compensation was discontinued more than five years after the date of the accident or first manifestation of the occupational disease. In that circumstance, the amendment extended the statute of limitations to one year after the last payment of compensation. The amendment added the underlined language to subsection (2) of the statute.

> (2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing injury or date of first manifestation of an occupational disease, or, if compensation is discontinued more than five (5) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, within one (1) year from the date of the last payment of compensation, within which to make and file with the commission an application requesting a hearing for further compensation and award.

S.L. 1978, ch. 264, § 21, p. 589. In 1989, the legislature amended subsection (2) to change "five (5) years" in the provision added in 1978 to "four (4) years." S.L. 1989, ch. 244, § 1, p. 592.

In 1989, this Court also issued its opinion in *Walters v. Blincoe's Magic Valley Packing Co.*, 117 Idaho 239, 787 P.2d 225 (1989). In *Walters*, the claimant suffered a back injury on July 23, 1979, while working for his employer. *Id*. at 240, 787 P.2d at 226. He filed a worker's compensation claim, which was resolved by a compensation agreement that he and the surety entered into on June 27, 1980. *Id*. He was fully paid under that agreement by July 15, 1980. *Id*. The five-year period after his accident ended on June 23, 1984. *Id*. The following month he had increasing back pain and ultimately had surgery in April 1985 and January 1986. *Id*. The surety paid for those medical expenses, with the last payment being made on December 28, 1987. *Id*. On September 25, 1986, the claimant filed an application for a hearing for further compensation and award. *Id*.

The *Walters* Court held that I.C. § 72-706(2) barred the claim. 117 Idaho 239, 242, 787 P.2d 225, 228 (1989). The Court stated that the phrase "'if compensation is discontinued more than five (5) years from the date of the accident causing the injury' . . . necessarily implies that

4

the compensation was being paid on the fifth anniversary of the accident and was thereafter discontinued." *Id*. It also held that medical benefits were included in the word "compensation." *Id*. at 244, 787 P.2d at 230. Because the claimant was not receiving either income benefits or medical benefits on the fifth anniversary of his accident, subsection (2) of the statute did not apply. *Id*. at 242, 787 P.2d at 228.

In 1991, the legislature again amended subsection (2) of the statute by deleting the amendment made in 1978. S.L. 1991, ch. 206, § 1, p. 487. It then added subsections (3), (4), and (5), which provide as follows:

> (3) When income benefits discontinued. If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the commission an application requesting a hearing for additional income benefits.

> (4) Medical benefits. The payment of medical benefits beyond five (5) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease shall not extend the time for filing a claim or an application requesting a hearing for additional income benefits as provided in this section.

> (5) Right to medical benefits not affected. The provisions of this section shall not affect a claimant's right to medical benefits under the provisions of section 72-432(1), Idaho Code.

S.L. 1991, ch. 206, § 1, pp. 487-88.

The prior version of the statute provided for the extension of the statute of limitations if compensation, which included both medical benefits and income benefits, was discontinued more than four years after the date of the accident or first manifestation of the occupational disease. Subsection (3) of the statute, which was added by the 1991 amendment, limited the extension of the statute of limitations to the discontinuance of *income* benefits. S.L. 1991, ch. 206, § 1, p. 488. In addition, subsection (4) specifically provided that the payment of medical benefits beyond the five-year period "shall not extend the time for filing a claim or an application requesting a hearing for additional income benefits as provided in this section." *Id*.

When *Walters* was decided, the statute of limitations could be extended by the payment of any compensation, which included medical benefits. For some industrial injuries or occupational diseases, medical benefits could continue indefinitely, even if they were paid sporadically. The *Walters* court may have felt a need to create the anniversary rule in order to

5

prevent the statute of limitations from also continuing indefinitely. That concern was expressed in *Salas v. J.R. Simplot Co.*, as a reason for keeping the anniversary rule after the 1991 amendment. 138 Idaho 212, 214, 61 P.3d 569, 571 (2002). However, with that amendment the indefinite extension of the statute of limitations is no longer a concern. As the statute was amended in 1991, the claimant in *Walters* would have been barred because he sought to extend the statute of limitations based upon the payment, and then discontinuance, of medical benefits after the expiration of the five-year period (now four years). After the 1991 amendment, the payment of medical benefits cannot extend the statute of limitations. It is only the payment of income benefits that can do so.

With respect to the instant case, the applicable subsections of the statute are as follows:

(2) When compensation discontinued. When payments of compensation have been made and thereafter discontinued, the claimant shall have five (5) years from the date of the accident causing the injury or date of first manifestation of an occupational disease within which to make and file with the commission an application requesting a hearing for further compensation and award.

(3) When income benefits discontinued. If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease, the claimant shall have one (1) year from the date of the last payment of income benefits within which to make and file with the commission an application requesting a hearing for additional income benefits.

I.C. § 72-706. When these two subdivisions are read together, there is nothing in the language that creates an "anniversary rule" allowing the claimant who was not receiving income benefits on the fourth anniversary of the accident-causing injury or first manifestation of occupational disease one year from the date of the last payment within which to request additional income benefits. This interpretation leads to an absurd result if the income benefits are terminated more than one year before the fourth anniversary.

Assume, for example, that income benefits are discontinued one year after the accident. At that point, the claimant would have four more years within which to file an application requesting a hearing for further compensation and award. On the day before the fourth anniversary of the accident, the claimant would have one year and a day within which to file. One day later, however, the "anniversary rule" would kick in, and the claimant would suddenly be barred from requesting additional income benefits. Instead of having five years from the

6

accident under subsection (2), the claimant would suddenly have one year from the last payment under subsection (3), which has already passed.

When subsections (2) and (3) are read together, the "anniversary rule" is clearly erroneous. Under subsection (2), when compensation has been paid and then discontinued, the claimant has five years after the date of the accident or first manifestation of the occupational disease within which to request additional income benefits. If income benefits were discontinued shortly before or after the expiration of that five-year period, the claimant would have little or no time within which to do so. To prevent that inequity, the legislature enacted subsection (3).

That subsection begins, "If income benefits have been paid and discontinued more than four (4) years from the date of the accident causing the injury or the date of first manifestation of an occupational disease . . . ." The clear wording of the statute cannot be reasonably construed to create an "anniversary rule." Rather, the income benefits must be paid and then *discontinued more than four (4) years* from" the date of the accident or first manifestation. The clear wording requires that the *discontinuance* of the payments occur *after* the expiration of that four-year period. The word "discontinue" means "to come to an end or stop." Random House, Inc., Dictionary.com Unabridged, http://dictionary.reference.com/browse/discontinue (last visited April 26, 2010). It refers to the date upon which the payments stopped, not days for which payments are not being made. As this case demonstrates, there can be gaps in the payment of income benefits. There is no logical reason why the application of the extended statute of limitations should depend upon the fortuity of when a gap occurs in the payment of income benefits.

As the statute now stands, if the discontinuance occurs before the expiration of the four-year period, then subsection (2) applies. If the discontinuance occurs after the expiration of the four-year period, then subsection (3) applies. Under this construction the claimant would always have at least five years after the accident or first manifestation within which to file the application for additional income benefits. That is the obvious reason for choosing the four-year and one-year periods of time in subsection (3). The combination of the two gives at least five years from the date of the accident causing injury or first manifestation of the occupational disease within which to file if income benefits have been paid and discontinued. To eliminate the inequity that could occur if those benefits are discontinued shortly before or after the expiration of the five-year period, subsection (3) gives the claimant one year from the date of the

last payment if the discontinuance occurs "more than four (4) years" from the date of the accident or first manifestation.

In this case, the four-year period expired on October 13, 2004. Although the payment of income benefits had been discontinued prior to that date and were not being made on that date, pursuant to I.C. § 72-306(2), Nelson had one more year within which to request additional income benefits. The payment of income benefits resumed on December 2, 2004, before the expiration of that statute of limitations, and continued after the statute of limitations provided in I.C. § 72-306(2) had run. Under those circumstances, the statute of limitations in I.C. § 72-306(3) should apply.

In *Kindred v. Amalgamated Sugar Co.*, the claimant was injured on August 11, 1975, when the original version of Idaho Code § 72-706 was in effect. 114 Idaho 284, 285, 756 P.2d 401, 402 (1988). That statute required that a request for further compensation be made within five years of the date of the accident. Before that time period expired, the statute was amended in 1978 to extend the statute of limitations to one year after the date of the last payment when compensation is discontinued more than five years from the date of the accident. The claimant filed a request for further compensation on June 28, 1985. *Id.* at 287, 756 P.2d at 404. That request would have been barred under the version of I.C. § 72-706(2) in effect when the accident occurred, but it would be timely under the version in effect when the request was made. *Id.* at 290, 756 P.2d at 407. This Court held that the amendment applied "because the 1978 statute was enacted before the five year period under the old statute (August 11, 1975 to August 10, 1980) had run." *Id.*

Similarly, in this case the payments were resumed before the statute of limitations under I.C. § 72-706(2) had run, and therefore the extension of the statute of limitations provided by section 72-706(3) should apply. Therefore, we find that the Commission erred in finding Nelson's Complaint to be untimely.

## C. Attorney fees

Nelson requests attorney fees pursuant to I.C. § 72-804 and I.A.R. 41. Idaho Code § 72-804 provides:

> If the commission or any court before whom any proceedings are brought under this law determines that the employer or his surety contested a claim for compensation made by an injured employee or dependent of a deceased employee without reasonable ground, or that an employer or his surety neglected or refused

8

within a reasonable time after receipt of a written claim for compensation to pay to the injured employee or his dependents the compensation provided by law, or without reasonable grounds discontinued payment of compensation as provided by law justly due and owing to the employee or his dependents, the employer shall pay reasonable attorney fees in addition to the compensation provided by this law. In all such cases the fees of attorneys employed by injured employees or their dependents shall be fixed by the commission.

We find that Respondents did not contest Nelson's claim without reasonable grounds because the case law on the "anniversary rule" was not clear. Thus, Nelson is not entitled to attorney fees on appeal.

Respondents request fees pursuant to I.A.R. 41. "Idaho Appellate Rule 41 is not authority for the awarding of attorney fees on appeal." *Bream v. Benscoter*, 139 Idaho 364, 369, 79 P.3d 723, 728 (2003). Instead, attorney fees are only awardable when authorized by statute or contract, and the party claiming attorney fees must cite to the applicable statute or identify the relevant portion of the contract. *Id*. Respondents have pointed to no authorization for granting them attorney fees and are therefore not entitled to attorney fees on appeal.

### III. CONCLUSION

We find that the Commission erred in finding Nelson's claim to be untimely pursuant to I.C. § 72-706(3) and we remand for further proceedings.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**